Derrick Talerico – Bar # 223763
*dtalerico@wztslaw.com*
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

[Proposed] General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
C.D.S. Moving Equipment, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS,<br><br>Debtor and Debtor In Possession. | Case No. 2:25-bk-21646-WB<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ORDER LIMITING NOTICE AND RELATED RELIEF**<br><br>Hearing:<br>Date:         January 8, 2026<br>Time:        10:00 a.m.<br>Courtroom: 1375<br>                 255 E. Temple Street<br>                 Los Angeles, CA 90012 |

C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS, the Chapter 11 debtor and debtor in possession ("***CDS***" or the "***Debtor***") in the above-captioned bankruptcy case (the "***Bankruptcy Case***" or the "***Case***"), hereby file this motion (the "***Motion***"), pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***," and individually, a "***Bankruptcy Rule***"), and Local Bankruptcy Rules 2081-1(a)(1) and 9075-1, for the entry of an order limiting the scope of notice of certain matters otherwise requiring notice to creditors and equity security holders in the Debtor's pending Chapter 11 bankruptcy case

(the "***Bankruptcy Case***"). The Debtor submits that the relief requested herein will mitigate the administrative burden that would otherwise be imposed upon the bankruptcy estate ("***Estate***") without significantly diminishing creditor participation in the administration of the Bankruptcy Case.

By the Motion, the Debtor request that the Court exercise the authority granted to it by the Bankruptcy Rules to limit notice in the Bankruptcy Case in the manner described in the attached Memorandum of Points and Authorities to the following parties, and to further authorize the Debtor to serve the following parties by email if the Debtor has a good and reliable email address for such parties:

    (i)    The Office of the United States Trustee;

    (ii)    The creditors holding 20 largest unsecured claims in the Bankruptcy Case;

    (iii)    The Debtor and its counsel;

    (iv)    Secured creditors and their counsel;

    (v)    Any official committee(s) of unsecured creditors and its/their counsel;

    (vi)    Parties who file with the Court and serve upon the Debtor requests for special notice in the Bankruptcy Case; and

    (vii)    Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like (collectively, the parties listed in (i) through (vii) are referred to as the "***Limit Notice Parties***").

Bankruptcy Rule 2002(a) provides that, unless otherwise ordered, pursuant to Bankruptcy Rules 2002(h), (i) and (l), notice of specified matters must be provided to, among others, all creditors. Other provisions of 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***") and the Bankruptcy Rules require that notice of specified matters be given to certain designated entities that are entitled to notice of the particular matters and to such other entities as the Court may direct. The Debtor estimates that it has approximately 215 creditors; requiring the Debtor to give notice to all of these parties will impose burdensome administrative costs upon the Debtor, the

1   Bankruptcy Court, and the Clerk's Office. Limiting notice in the fashion described in the Motion
2   will prevent the unnecessary waste of time and resources required to serve notice of certain
3   pleadings and other documents on all creditors and interest holders, and allow the Debtor to
4   administer the Estate in a more efficient manner.

5   Limiting notice will not materially prejudice any party because all parties will have an
6   opportunity to respond to request special notice in the Bankruptcy Case. Furthermore, any party
7   with a pecuniary interest in the matters affected by a particular motion or pleading will be served
8   by the Debtor as a matter of course. Thus, the relief requested herein will not prejudice any party
9   with an interest in the Bankruptcy Case, and ultimately, due to cost savings, will benefit creditors
10  of the Estate.

11  This Motion is based upon Bankruptcy Rules 2002 and 9007, applicable Local Bankruptcy
12  Rules, and all other applicable law, the annexed Memorandum of Points and Authorities, the
13  Omnibus Declaration of Michael Dennis Barwick filed concurrently with the Motion, the Notice
14  of this Motion filed concurrently with the Motion, and any other evidence properly presented to
15  the Court.

16  **WHEREFORE,** the Debtor respectfully request that the Court enter an order:
17  (1)    granting the Motion in its entirety;
18  (2)    limiting notice in the Bankruptcy Case as described in the Motion and approving
19         the notice procedures set forth therein; and
20  (3)    granting such other and further relief as the Court deems just and proper.

22  Dated: January 7, 2026            **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

24                                    By: */s/ Derrick Talerico*
                                          Derrick Talerico
25                                        [Proposed] General Bankruptcy Counsel for
                                          Chapter 11 Debtor and Debtor in Possession,
26                                        C.D.S. MOVING EQUIPMENT, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Debtor's Bankruptcy Case was commenced on December 29, 2025 (the "***Petition Date***"). Debtor brings this motion on an emergency basis to limit the notice required to be given to parties in this Bankruptcy Case.[1]

### II.   STATEMENT OF FACTS

Based on the Debtor's books and records and as reflected in the master mailing list filed on the Petition Date, the Debtor has more than 215 creditors. Many of the motions and applications that will be filed in the Bankruptcy Case will involve matters that ordinarily fall within the parameters of notices required to be given to all creditors and equity security holders, but which will not actually affect a majority of creditors.

Given the number of creditors and interested parties involved in the Bankruptcy Case and in order to minimize, as much as possible, the administrative costs to the Estate associated with providing notice to all creditors, the Debtor requests that, with respect to matters for which the Bankruptcy Code or the Bankruptcy Rules authorize the Court to limit or modify the manner of providing notice, the Court authorize the Debtor to deliver notices only to the Limit Notice Parites and authorize the Debtor to deliver notice by email as long as the Debtor has a good and reliable email address for the Limit Notice Parties.

### III.   LEGAL AUTHORITY AND DISCUSSION

#### A.   This Court Has Authority to Limit Notices in this Case.

Section 102(1)(A) of the Bankruptcy Code defines the phrase "after notice and a hearing" to mean, "[A]fter such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances…" 11 U.S.C. § 102(1)(A).

Pursuant to this authority, the Bankruptcy Rules confer authority upon this Court to regulate notice requirements. Bankruptcy Rule 2002(m), which gives the Court discretion to enter orders

---

[1] Terms not defined herein shall have the same meanings ascribed to them in the Motion.

regulating notice, provides, "The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."

The notice procedure outlined below comports with Bankruptcy Rule 2002(i) which provides, in pertinent part:

> Copies of all notices required to be mailed pursuant to this rule shall be mailed to the committees . . . elected under § 705 or appointed under § 1102 of the Code or to their authorized agents. Notwithstanding the foregoing subdivisions, the court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States trustee and be mailed only to the committees . . . elected under § 705 or appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

The use of the notice procedure outlined in Bankruptcy Rule 2002(i) is especially appropriate in a case of this nature, where providing notice to each individual creditor and sending notice via certified or overnight mail to certain creditors would be both burdensome and economically infeasible.

Finally, Bankruptcy Rule 9007 grants the Court general authority to regulate notices, "When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."

The Debtor's proposed notice procedure is well within the Court's authority to regulate notices and will mitigate the administrative burden that would otherwise be imposed upon the Estate without significantly diminishing creditor participation in the administration of this Case.

**B.     Authorizing The Limited Noticing Procedures Proposed Herein is Appropriate.**

The mailing of notices of all such matters to all creditors in this Bankruptcy Case would be impractical and would impose an enormous administrative and economic burden upon the Estate. Accordingly, as permitted by Bankruptcy Rules 2002(i) and 2002(m), the Debtor proposes that the Court enter an order limiting notice and designating the parties upon whom notice must

be served, and the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and the manner of service, including, by way of example and without limitation, matters subject to Bankruptcy Rules 2002, 4001, 6004, 6006, 6007 or 9014. Specifically, the Debtor proposes that, with respect to all such matters, the Court issue an order that provides that notice need be served only upon Limit Notice Parties, either by mail or by email as long as the Debtor has a good and reliable email address for the parties.

The Debtor believes that the adoption of the proposed procedure is necessary and appropriate for at least four reasons. First, having to provide notice of all such matters to all creditors (*i.e.*, totaling more than 215 in number) may delay the Debtor's ability to efficiently administer assets of the Estate. Allowing for the form of notice requested herein will allow the Debtor to better focus energies on maximizing value for creditors of the Estate. Second, sending notice to all creditors would substantially increase the copying and postage costs of this Bankruptcy Case, resulting in less value being potentially available to the Estate. Third, any party in interest who is sufficiently interested in the kinds of transactions that are the subject of the requested limitation of notice may, by special request, receive all notices. Fourth, any party against whom direct relief is sought by a motion, application or otherwise, will be afforded notice as a matter of course.

The Debtor anticipates that the involvement of all such parties in interest will ensure adequate representation of the interests of holders of claims and interests generally in the course of this Bankruptcy Case and in the evaluation of the actions proposed to be taken as described in the notices to be given.

Unless otherwise ordered by the Court, the limitation on notice proposed by this Motion shall not apply to the matters or proceedings referred to in Bankruptcy Rules 2002(a)(1) (meeting of creditors), 2002(a)(4) (hearing on the dismissal or conversion of the case), 2002(a)(5) (time fixed to accept or reject a proposed modification of a plan), 2002(b) (time fixed for filing objections and hearings to consider approval of a disclosure statement and confirmation of a plan), 2002(d) (notice to equity security holders) and 2002(f) (time for filing claims and other special

notices) which matters or proceedings, if applicable, shall be noticed in accordance with such Bankruptcy Rules.

The Debtor's requested relief will reduce the burden, complication, delay, and cost to the Estate associated with mailing notice of all pleadings and other papers filed in this Bankruptcy Case to all creditors without significantly impacting creditors' participation in this Case.

### C. Method of Service of this Motion, and Other Pleadings Filed in the Case.

#### 1. Proposed Method of Service Throughout the Case.

In order to minimize administrative expenses and save the Estate, and ultimately the creditors, considerable printing and copying costs, while at the same time, still providing parties in interest with notice of the various pleadings filed in this Bankruptcy Case, the Debtor suggests that for each pleading filed in this Bankruptcy Case, service shall be completed by mailing (by first class mail or e-mail) a notice to all parties that are required to be served with such pleading that informs the parties of the title of the pleading that has been filed, the location, time, date and hearing to take place, if any, and that should any party reading the notice want a hard copy of the pleading, a hard copy will be furnished promptly upon request. The Debtor submits that the Court should approve this service procedure as it will save the Estate substantial fees while at the same time ensuring that parties in interest receive the information that they need in order to make informed decisions regarding the Debtor's Bankruptcy Case and particular pleadings.

#### 2. Method of Service of this Motion.

Pursuant to the instructions of the Court, the Debtor is filing this Motion and providing the Limit Notice Parties with a copy of this Motion and a copy of the *Notice of Hearing on Debtor's First Day Motions*.

If the Motion is granted, the Debtor proposes to inform all creditors and other known parties in interest of the notice procedures set forth herein, including the ability of a creditor and party in interest to file a request for special notice if such party would like to receive all notices filed and served in the Bankruptcy Case, by service of a notice substantially in the form attached hereto as **Exhibit 1** (the "***Notice of Procedures***"), by serving such Notice of Procedures by regular first class mail. The Debtor submits that serving the Notice of Procedures on all creditors and

parties in interest provides such creditors and parties in interest with the information that they need in order to request special notice of all pleadings to be filed in this Bankruptcy Case, should such party desire to do so.

### III.    CONCLUSION

For all of the reasons set forth above, the Debtor respectfully request that the Court enter an order:

(1)    granting the Motion in its entirety;

(2)    limiting notice in the Bankruptcy Case as described in the Motion and approving the notice procedures set forth therein; and

(3)    granting such other and further relief as the Court deems just and proper.

Dated: January 7, 2026                **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**


By */s/ Derrick Talerico*
    Derrick Talerico
    [Proposed] General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    C.D.S. MOVING EQUIPMENT, INC.

# EXHIBIT 1

# Notice of Procedures

EXHIBIT 1 - Page 9

Derrick Talerico – Bar # 223763
*dtalerico@wztslaw.com*
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

[Proposed] General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
C.D.S. Moving Equipment, Inc.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS,<br><br>Debtor and Debtor In Possession. | Case No. 2:25-bk-21646-WB<br><br>Chapter 11<br><br>**NOTICE OF ORDER LIMITING SCOPE OF NOTICE AND OPPORTUNITY TO REQUEST SPECIAL NOTICE**<br><br>Hearing:<br>Date:         January 8, 2026<br>Time:        10:00 a.m.<br>Courtroom: 1375<br>                   255 E. Temple Street<br>                   Los Angeles, CA 90012 |

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the Court has entered an *Order Granting Debtor's Emergency Motion for Order Limiting Notice and Related Relief* [Dkt. _____] (the "*Order*") sought by C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS, the Chapter 11 debtor and debtor in possession ("*CDS*" or the "*Debtor*") in the above-captioned bankruptcy case (the "*Bankruptcy Case*" or the "*Case*"), which establishes the scope of notice to be given in connection with certain pleadings and proceedings in the Bankruptcy Case. If you are

receiving this Notice in the mail, then the Debtor's records indicate that you are a creditor, former creditor and/or a party in interest in the Debtor's Bankruptcy Case. This Notice may affect you and you should read it in its entirety.

**PURSUANT TO THE ORDER, ALL CREDITORS AND PARTIES IN INTEREST WILL RECEIVE THIS NOTICE AND NOTICE OF THE FOLLOWING PROCEEDINGS:**

1. Any Hearing on the dismissal or conversion of the Debtor's Bankruptcy Case;

2. The first meeting of creditors conducted pursuant to Section 341(a) of the Bankruptcy Code;

3. The time to file proofs of claim in the Debtor's Bankruptcy Case;

4. Certain matters related to a disclosure statement and plan of reorganization, including any modification thereof (but not including extensions of the Debtor's exclusivity periods in which to file and/or confirm a plan); and

5. Any other matter for which the Court requires that the notice be served on all creditors and/or interest holders.

**PLEASE TAKE FURTHER NOTICE** that in order to receive notice of other proceedings in this Bankruptcy Case not included in the list above, you will be required to file with the Clerk of the Bankruptcy Court and serve upon proposed counsel for the Debtor at the address in the upper left hand corner of this Notice, a written request for special notice in a form consistent with the Court's rules.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in the Debtor's Case can be viewed and downloaded by visiting the following website: https://www.cacb.uscourts.gov/.

Dated: January ___, 2026                    **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By  /s/ Derrick Talerico
    Derrick Talerico
    [Proposed] General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    C.D.S. MOVING EQUIPMENT, INC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
    11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR ORDER LIMITING NOTICE AND RELATED RELIEF,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 7, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Proposed Attorneys for Debtor C.D.S. Moving Equipment, Inc.: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Courtesy Notice/Interested Party: **Thomas E Shuck**: tshuck@pmcos.com; efilings@pmcos.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Hatty K Yip**: hatty.yip@usdoj.gov; hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to the Judicial Practice Guide of the Honorable Julia W. Brand, chambers copies are waived unless requested.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 7, 2026 | Martha E. Araki | */s/ Martha E. Araki* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**