1  Derrick Talerico – Bar # 223763
   dtalerico@wztslaw.com
2  Paige T. Rolfe – Bar # 331096
   prolfe@wztslaw.com
3  WEINTRAUB ZOLKIN TALERICO & SELTH LLP
4  11766 Wilshire Boulevard, Suite 730
   Los Angeles, CA 90025
5  Telephone: (424) 500-8552

6  [Proposed] General Bankruptcy Counsel to
7  Chapter 11 Debtor and Debtor in Possession,
   C.D.S. Moving Equipment, Inc.

8

9

10

11

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

12

13  In re:                                    Case No. 2:25-bk-21646-WB

14  C.D.S. MOVING EQUIPMENT, INC., dba        Chapter 11
    CDS PACKAGING SOLUTIONS,
15
            Debtor and Debtor In Possession.  **DEBTOR'S MOTION FOR ENTRY OF**
16                                             **INTERIM AND FINAL ORDERS**
                                               **(1) APPROVING THE DEBTOR'S**
17                                             **PROPOSED ADEQUATE ASSURANCE**
                                               **OF PAYMENT FOR FUTURE UTILITY**
18                                             **SERVICES, (2) PROHIBITING UTILITY**
                                               **COMPANIES FROM ALTERING,**
19                                             **REFUSING, OR DISCONTINUING**
                                               **SERVICES, (3) APPROVING THE**
20                                             **DEBTOR'S PROPOSED PROCEDURES**
                                               **FOR RESOLVING ADEQUATE**
21                                             **ASSURANCE REQUESTS; AND**
                                               **(4) GRANTING RELATED RELIEF;**
22                                             **MEMORANDUM OF POINTS AND**
                                               **AUTHORITIES IN SUPPORT THEREOF**
23

24                                             Hearing:
25                                             Date:        January 14, 2026
                                               Time:        2:00 p.m.
26                                             Courtroom: 1375
27                                                          255 E. Temple Street
                                                            Los Angeles, CA 90012
28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-1-

C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS, the Chapter 11 debtor and debtor in possession ("***CDS***" or the "***Debtor***") in the above-captioned bankruptcy case (the "***Bankruptcy Case***"), hereby submits this motion (the "***Utilities Motion***") for the entry of interim and final orders pursuant to Sections 105 and 366 of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Bankruptcy Rules 2081-1(a)(3) and 9075-1: (a) approving the Debtor's proposed adequate assurance of payment for future utility services, (b) prohibiting utility companies from altering, refusing, or discontinuing services, (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests (as defined herein), and (d) granting related relief.

In order to prevent disruption to the Debtor's business operations, the Debtor requests that the Court grant this Motion on an emergency basis. The Debtor requires immediate authority to provide adequate assurance of payment to the utility providers at each of its five locations to ensure that those utility providers do not terminate services.

This Motion is based on the attached Memorandum of Points and Authorities, the *Omnibus Declaration of Michael Dennis Barwick in Support of Debtor's First Day Motions* (Dkt. No. 27, the "***First Barwick Declaration***"), and the concurrently filed Supplemental Omnibus Declaration of Michael Dennis Barwick (the "***Second Barwick Declaration***"). Mr. Barwick is the Debtor's Chief Executive Officer.

The Debtor respectfully requests that the Court enter an order granting the Motion substantially in the forms attached hereto as **Exhibit 1** and **Exhibit 2** (respectively, the "***Interim Order***" and the "***Final Order***").

Dated: January 12, 2026        **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**


By: */s/ Derrick Talerico*
Derrick Talerico
[Proposed] General Bankruptcy Counsel for
Chapter 11 Debtor and Debtor in Possession,
C.D.S. MOVING EQUIPMENT, INC.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Debtor brings this motion on an emergency basis seeking an order of the Court (a) approving the Debtor's proposed adequate assurance of payment for future utility services, (b) prohibiting utility companies from altering, refusing, or discontinuing services, and (c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests (as defined herein). The discontinuation of utility services at any of the Debtor's five locations will interfere with its ability to operate, causing severe harm to the estate and creditor body.

### II.    JURISDICTION

This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.    COMMENCEMENT OF BANKRUPTY CASE

The Debtor's CEO, Dennis Barwick, commenced this Bankruptcy Case by filing an emergency petition for relief under Chapter 11 of the Bankruptcy Code on December 29, 2025 (the "***Petition Date***"). Following a hearing on an Order to Show Cause re Dismissal due to Debtor's failure to be represented by counsel, the Debtor retained Weintraub Zolkin Talerico & Selth LLP. The Debtor continues to carry out its business operations and manage its financial affairs as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108. No chapter 11 trustee, examiner, or committee has been appointed in the Bankruptcy Case.

### IV.    STATEMENT OF FACTS

#### A.    History of the Debtor and Its Business

CDS is a California-based operating company that has served the moving, storage, logistics, and packaging industries for nearly fifty years. Over that time, CDS built a reputation as a reliable supplier of essential packaging materials, equipment, and logistics support to customers across multiple states. The company's longevity was achieved through consistent reinvestment, long-standing vendor relationships, and a workforce deeply experienced in its operations.

As of the Petition Date, CDS employs approximately sixty-five employees, many of whom have been with the company for years and whose livelihoods depend on the continuity of CDS's operations. CDS also maintains an established base of repeat customers and vendors who rely upon the company for timely delivery of mission-critical products. Prior to the events described below, CDS remained operationally viable, with active customer demand, functioning facilities, and a workforce prepared to continue servicing the business.

The disruption that ultimately forced CDS to seek relief under Chapter 11 was not caused by a collapse in demand, mismanagement, or an absence of operational capability. Rather, it arose from a sudden and sustained liquidity crisis fueled by the breakdown of Debtor's asset-based lending facility with Pathward, National Association ("***Pathward***").

Despite holding first-priority liens on substantially all of the Debtor's assets and exercising daily dominion over CDS's cash through a lockbox and sweep structure, Pathward materially restricted and, at times, refused to advance funds necessary to meet ordinary-course operating expenses, claiming CDS was "out of formula," terminating Pathward's obligation to turn over any of the receivables it was collecting or adequately advancing on new receivables that were generated.

This imbalance—where Pathward swept substantially all cash proceeds while declining to fund operating needs—placed CDS in an untenable position. The company was forced to curtail operations and choose between strict compliance with lender controls and the basic requirements of sustaining operations, employees, and customer commitments. Over time, this funding refusal disrupted vendor confidence, constrained inventory availability, and impaired the Debtor's ability to fully meet market demand, despite the underlying business remaining sound. From the height of its outstanding debt of approximately $3.6 million in June/July 2025, at the time the bankruptcy was filed Pathway had reduced its debt to $2,400,962.73, but CDS was out of air.

CDS commenced this case to stabilize operations, preserve jobs, and protect enterprise value. With access to working capital, CDS can restore normalized purchasing, rebuild inventory levels, reaffirm vendor relationships, and continue serving its customers while pursuing a restructuring or recapitalization that maximizes value for the estate.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
1766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

MOTION FOR AUTHORITY TO PROVIDE ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

The Debtor's CEO, Dennis Barwick, together with the Debtor's financial consultants, Integrated Consulting Services, LLC (retained at the direction of Pathward), prepared the 13-week budget attached to the First Barwick Declaration and as modified by the budget attached to the Second Barwick Declaration as **Exhibit 1** (the "***Budget***"). The Budget reflects the following: (1) end of the Compton lease and start of new Compton lease at new facility in April; (2) combining the Sacramento and Hayward locations; (3) deferral of January rent to end of lease for Las Vegas and Sacramento/Hayward or as otherwise agreed to between the Debtor and the respective landlords; (4) collection of $300,000 from post-petition receivables held by Pathward; (5) application of approximate $50,000 credit owed to Debtor from IT software firm against monthly fees; and (6) steady growth of inventory and sales to meet backlog, current, and projected demand.

The Budget accounts for $12,300 of utility service fees per month.

**B.    The Debtor's Locations and Utility Providers**

The Debtor maintains operations at five locations: 375 West Manville Street, Compton, CA 90220 (the "***Compton Location***," which is the Debtor's primary location), 26511 Danti Court, Hayward, CA 94545 (the "***Hayward Location***")[1], 925 National Drive, No. 103, Sacramento, CA 95834 (the "***Sacramento Location***")[2], 4171 Distribution Circle, No.103, North Las Vegas, NV 89030 (the "***Las Vegas Location***"), and 2636 S Clearbrook Drive, Arlington Heights, IL 60005 (the "***Chicago Location***"). In the normal course of its business, the Debtor has relationships with several utility companies and other providers (each a "***Utility Provider***" and collectively, the "***Utility Providers***") for the provision of water, natural gas, electricity, and waste removal at the locations (the "***Utility Services***"). The Utility Providers include, without limitation, the entities set

---

[1] The Debtor's intention is to close the Heyward Location and Sacramento Location within the next few months, replacing them with a new location which will take over their combined operations with lower overhead expenses. These two locations are included in this Motion to ensure that there is no interruption of service before operations are moved.

[2] See footnote 1.

MOTION FOR AUTHORITY TO PROVIDE ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

forth on the list attached as **Exhibit 2** to the Second Barwick Declaration (the "*Utility Provider List*").

The relief requested herein is with respect to all Utility Providers and is not limited to those listed on the Utility Provider List.  The Debtor has made an extensive and good faith effort to identify all of the Utility Providers that provide it Utility Services and to include them on the Utility Provider List.

Historically, between all locations, the Debtor incurs approximately $12,300 for Utility Services, as detailed on the Utility Provider List.

## V.    RELIEF REQUESTED

### A.    Proposed Procedures for Adequate Assurance of Payment

Debtor's *Motion for Order (1) Authorizing Debtor's Use of Cash Collateral* Pursuant *to 11 U.S.C. 363 and Fed. R. Bankr. Proc. 4001, and (ii) Directing Turnover of Estate Property Pursuant to 11 U.S.C. § 542* (the "*Cash Collateral Motion*," Dkt. No. 26) provides for the payment of all utilities on an ongoing basis post-petition pursuant to the Budget. The Cash Collateral Motion is set for hearing on the same date that this Motion is scheduled to be heard.

In addition, in order to provide adequate assurance to the Utility Providers as required under Section 366(c) of the Bankruptcy Code, the Debtor intends to deposit into a segregated account for the benefit of the Utilities (the "*Utility Deposit Account*") an amount equal to one month of Utility Service, based upon the Debtor's average utility expense as set forth on the Utility Provider List (the "*Adequate Assurance Deposit*"). The aggregate amount of the proposed Adequate Assurance Deposit is $12,300.  The Adequate Assurance Deposit will be held in the Utility Deposit Account for the benefit of the Utility Providers listed above during the pendency of the Bankruptcy Case.

The Debtor will deposit the Adequate Assurance Deposit in the Utility Deposit Account within twenty (20) calendar days of entry of the Interim Order.  The amount allocated for, and payable to each Utility shall be as stated on the Utility Provider List.

The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) shall

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

be returned to the Debtor on the earlier of (i) reconciliation and payment by the Debtor of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtor's termination of the Utility Services from such Utility Provider, (ii) the closing of a sale of all or substantially all of the Debtor's assets, or (iii) the effective date of any chapter 11 plan confirmed in the Chapter 11 Case. Additionally, if the Debtor terminates and/or reduces any of the Utility Services provided by a Utility Provider, the Debtor requests that they immediately be permitted to reduce the Adequate Assurance Deposit to reflect the termination and/or reduction of such Utility Services; provided that the Debtor shall have paid any such Utility Provider in full for any outstanding post-petition Utility Services with respect to the terminated or reduced Utility Services before reducing the Adequate Assurance Deposit.

The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future Utility Services out of cash collateral, constitutes sufficient adequate assurance to each of the Utility Providers (collectively, the "***Proposed Adequate Assurance***").

The Debtor submits that its proposed method of furnishing adequate assurance of payment for post-petition Utility Services is not prejudicial to the rights of any Utility Provider, and is in the best interest of the Debtor's estate and creditors. Because uninterrupted Utility Services are vital to the Debtor's business and, consequently, to the success of the Bankruptcy Case, the relief requested herein is necessary and in the best interests of the Debtor's estate and creditors. Such relief ensures that the Debtor's business operations will not experience any unexpected or inopportune interruption during the pendency of the Bankruptcy Case, and provides the Utility Providers and the Debtor with an orderly, fair procedure for determining "adequate assurance" of payment.

### B.      Proposed Procedures for Resolving Disputes with Utility Providers

Notwithstanding the Proposed Adequate Assurance, if any Utility Provider believes that additional assurance is required, it may request such additional assurance solely pursuant to the following procedures (the "***Adequate Assurance Procedures***"):

(a)      The Debtor or its counsel will provide a copy of this Utilities Motion (including the Interim Order) to each of the Utility Providers listed on **Exhibit 2** to the Second

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Barwick Declaration within two (2) business days after entry of the Interim Order by the Court.

(b)  If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "***Request***") upon (i) the Debtor, C.D.S. Moving Equipment, Inc. dba CDS Packaging Solutions, 375 W Manville St., Compton, CA 90220, Attn: Dennis Barwick, and (ii) proposed counsel to the Debtor, Weintraub Zolkin Talerico & Selth LLP, 11766 Wilshire Boulevard, Suite 730, Los Angeles, California 90025, Attn: Derrick Talerico, Esq. (collectively, the "***Notice Parties***");

(c)  Each Request must (i) be made in writing; (ii) set forth a description of the Utility Services provided and the relevant account number(s); (iii) include a summary of the Debtor's payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under Section 366(c)(2) of the Bankruptcy Code;

(d)  Upon the Notice Parties' receipt of a Request at the addresses set forth in subparagraph (b) above, the Debtor shall promptly negotiate with such Utility Provider to resolve such Utility's Request;

(e)  If the Debtor determines that a timely received Request is not reasonable and is unable to reach an alternative resolution with the applicable Utility Provider, the Debtor shall, upon reasonable notice, calendar the matter (the "***Adequate Assurance Dispute***") for the next available hearing date to determine the adequacy of assurance of payment pursuant to Section 366(c)(3) of the Bankruptcy Code;

(f)  Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the filing of the Chapter 11 Case, or any objection to the adequacy of the Proposed Adequate Assurance; and

(g)     The Debtor may, in its discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtor believes that such additional assurance is reasonable in the exercise of their business judgment and the Debtor may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated one month's utility expense.

In addition to establishing the Adequate Assurance Procedures, the Debtor requests a Final Hearing on this Utilities Motion to be held within twenty-five (25) days of the Petition Date to ensure that, if a Utility Provider argues it can unilaterally refuse service to the Debtor on the thirty-first (31st) day after the Petition Date, the Debtor will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Adequate Assurance Procedures in time to avoid any potential termination of the Utility Services.

**C.     Proposed Procedures to Supplement the Utility List**

Although the Debtor has made a good faith effort to identify all of the Utility Providers that currently provide Utility Services to the Debtor, it is possible that some Utility Providers may not be listed in **Exhibit 2** to the Second Barwick Declaration (each, an "***Additional Utility***," and collectively, the "***Additional Utilities***").  Promptly upon the discovery of an Additional Utility, the Debtor will provide a copy of the Interim Order or the Final Order, as applicable, to the Utility Provider and increase the Utility Deposit by an amount equal to approximately one month of service to that Utility Provider, based upon an average of the last three months.  In addition, the Debtor requests that the Court provide that the Additional Utilities are subject to the terms of the Interim Order or the Final Order, as applicable, once entered by the Court, including the Adequate Assurance Procedures.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

## VI.  LEGAL AUTHORITY

### A.  The Court has Authority to Grant the Relief Requested

Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for post-petition services in a form "satisfactory" to the utility company within thirty (30) days of the petition, or the utility company may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples for what constitutes "assurance of payment." 11 U.S.C. § 366(c)(1). Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g.*, *In re Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment. The statute does not require an absolute guarantee of payment.") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

When considering whether a given assurance of payment is "adequate," a court should examine the totality of the circumstances to make an informed decision as to whether the utility company will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (*citing In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82-83 (Bankr. S.D.N.Y. 2002). In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (*citing In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

Here, the Utility Providers are adequately assured against risk of nonpayment for future services. The Adequate Assurance Deposit and the Debtor's ongoing ability to meet obligations as

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

they come due in the ordinary course provides assurance of the Debtor's payment of its future obligations. Moreover, termination of the Utility Services could result in the Debtor's inability to operate its business. See *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that Section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under Section 366 of the Bankruptcy Code. See, e.g., *In re Circuit City Stores Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of §366 of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order"). Such procedures are important because, without them, the Debtor "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.*

Here, notwithstanding a determination that the Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Providers believe they have under Sections 366(b) and 366(c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. See *In re Circuit City Stores Inc.*, supra. at *5–6. The Utility Providers still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. See Id. at *6. The Adequate Assurance Procedures, however, avoid a haphazard and chaotic process whereby each Utility Provider could make an extortionate, last-minute demand for adequate assurance that would force the Debtor to pay under the threat of losing critical Utility Services. See *Id.* at *5.

The Adequate Assurance Procedures are reasonable and in accord with the purposes of Section 366 of the Bankruptcy Code, and thus the Debtor respectfully requests that the Court grant the relief requested herein.

Further, the Court possesses the power under Section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
1766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

1  Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code,

2  particularly Section 366 thereof.  Accordingly, the Court should exercise its powers under Sections

3  366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and

4  the Proposed Adequate Assurance.

5  **VII.    CONCLUSION**

6  For the foregoing reasons, the Debtor respectfully requests the entry of an order:

7  (a) approving the Debtor's proposed adequate assurance of payment for future utility services,

8  (b) prohibiting Utility Providers from altering, refusing, or discontinuing services, (c) approving

9  the Debtor's proposed procedures for resolving Adequate Assurance Requests (as defined herein),

10  and (d) granting related relief.  The Debtor respectfully requests that the Court enter an order

11  granting the Motion, substantially in the forms attached hereto as Exhibit 1 and Exhibit 2

12  (respectively, the "***Interim Order***" and the "***Final Order***").

13

14  Dated:  January 12, 2026                **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

15

16                                          By _/s/ Derrick Talerico_
                                                Derrick Talerico
17                                              [Proposed] General Bankruptcy Counsel for
                                                Chapter 11 Debtor and Debtor in Possession,
18                                              C.D.S. MOVING EQUIPMENT, INC.

19

20

21

22

23

24

25

26

27

28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# EXHIBIT 1

# Proposed Interim
# Order

**EXHIBIT 1 - Page 13**

1  Derrick Talerico – Bar # 223763
   dtalerico@wztslaw.com
2  Paige T. Rolfe – Bar # 331096
   prolfe@wztslaw.com
3  WEINTRAUB ZOLKIN TALERICO & SELTH LLP
4  11766 Wilshire Boulevard, Suite 730
   Los Angeles, CA 90025
5  Telephone: (424) 500-8552

6  [Proposed] General Bankruptcy Counsel to
7  Chapter 11 Debtor and Debtor in Possession,
   C.D.S. Moving Equipment, Inc.

8

9

10            **UNITED STATES BANKRUPTCY COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

12
   In re:                          Case No. 2:25-bk-21646-WB
13
   C.D.S. MOVING EQUIPMENT, INC., dba    Chapter 11
14 CDS PACKAGING SOLUTIONS,
                                   **INTERIM ORDER (1) APPROVING THE**
15         Debtor and Debtor In Possession.   **DEBTOR'S PROPOSED ADEQUATE**
                                   **ASSURANCE OF PAYMENT FOR**
16                                 **FUTURE UTILITY SERVICES,**
                                   **(2) PROHIBITING UTILITY COMPANIES**
17                                 **FROM ALTERING, REFUSING, OR**
                                   **DISCONTINUING SERVICES,**
18                                 **(3) APPROVING THE DEBTOR'S**
                                   **PROPOSED PROCEDURES FOR**
19                                 **RESOLVING ADEQUATE ASSURANCE**
                                   **REQUESTS; AND (4) GRANTING**
20                                 **RELATED RELIEF**
21
                                   Hearing:
22                                 Date:      January 14, 2026
23                                 Time:      2:00 p.m.
                                   Courtroom: 1375
24                                            255 E. Temple Street
25                                            Los Angeles, CA 90012

26

27     A hearing was held on January 14, 2026 (the "***Hearing***") on Debtor's *Motion for Entry of*

28 *Interim and Final Orders (1) Approving the Debtor's Proposed Adequate Assurance of Payment*

*for Future Utility Services, (2) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (3) Approving the Debtor's Proposed Procedures for Resolving Adequate Assurance Requests; and (4) Granting Related Relief* (the "***Motion***") [Dkt. ___]. The Court, having considered the Motion and other documents filed in support of the Motion, the arguments and representations of counsel at the hearing on the Motion, finding notice of the Hearing proper, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "***Final Hearing***") on the Motion shall be held on _____, 2026, at __:__.m.  Any objections or responses to entry of a final order on the Motion shall be filed on or before _____, 2026, and shall be served on: (a) the Debtor, C.D.S. Moving Equipment, Inc. dba CDS Packaging Solutions, 375 W Manville St., Compton, CA 90220, Attn: Dennis Barwick, (b) proposed counsel to the Debtor, Weintraub Zolkin Talerico & Selth LLP, 11766 Wilshire Boulevard, Suite 730, Los Angeles, California 90025, Attn: Derrick Talerico, Esq.; and (c) the Office of the United States Trustee, 915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.      The Debtor is authorized, but not directed, to honor, pay, or otherwise satisfy undisputed post-petition amounts owed to the Utility Providers on account of Utility Services provided to the Debtor in the ordinary course of business in accordance with prepetition practices.

4.      The Debtor will deposit the Adequate Assurance Deposit, in the aggregate amount of $12,300, in the Adequate Assurance Account within twenty (20) calendar days of entry of this Interim Order to be maintained during the pendency of the Chapter 11 Case as provided for herein.

5.      The Adequate Assurance Deposit and the Debtor's ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment as required under Section 366 of the Bankruptcy Code.

6.      All Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of the Chapter 11 Case, or any perceived inadequacy of the Adequate Assurance Deposit.

7.      The following Adequate Assurance Procedures are hereby approved:

    a.  The Debtor or its counsel will provide a copy of the Motion (including the Interim Order) to each of the Utility Providers listed on **Exhibit 2** to the Second Barwick Declaration within two (2) business days after entry of the Interim Order by the Court.

    b.  If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "***Request***") upon (i) the Debtor, C.D.S. Moving Equipment, Inc. dba CDS Packaging Solutions, 375 W Manville St., Compton, CA 90220, Attn: Dennis Barwick, and (ii) proposed counsel to the Debtor, Weintraub Zolkin Talerico & Selth LLP, 11766 Wilshire Boulevard, Suite 730, Los Angeles, California 90025, Attn: Derrick Talerico, Esq. (collectively, the "***Notice Parties***");

    c.  Each Request must (i) be made in writing; (ii) set forth a description of the Utility Services provided and the relevant account number(s); (iii) include a summary of the Debtor's payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under Section 366(c)(2) of the Bankruptcy Code;

    d.  Upon the Notice Parties' receipt of a Request at the addresses set forth in subparagraph (b) above, the Debtor shall promptly negotiate with such Utility Provider to resolve such Utility's Request;

    e.  If the Debtor determines that a timely received Request is not reasonable and is unable to reach an alternative resolution with the applicable Utility Provider, the Debtor shall, upon reasonable notice, calendar the matter (the "***Adequate Assurance Dispute***") for the next available hearing date to

determine the adequacy of assurance of payment pursuant to Section 366(c)(3) of the Bankruptcy Code;

f.    Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the filing of the Chapter 11 Case, or any objection to the adequacy of the Proposed Adequate Assurance; and

g.    The Debtor may, in its discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtor believes that such additional assurance is reasonable in the exercise of their business judgment and the Debtor may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated one month's utility expense.

8.    The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

9.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) shall be returned to the Debtor on the earlier of (i) reconciliation and payment by the Debtor of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtor's termination of the Utility Services from such Utility Provider, (ii) the closing of a sale of all or substantially all of the Debtors' assets, or (iii) the effective date of any chapter 11 plan confirmed in the Chapter 11 Case. Additionally, if the Debtor terminates and/or reduces any of the Utility Services provided by a Utility Provider, the Debtor is permitted to reduce the Adequate Assurance Deposit to reflect the termination and/or reduction of such Utility Services; provided, that the

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Debtor shall have paid any such Utility Provider in full for any outstanding postpetition Utility Services with respect to the terminated or reduced Utility Services before reducing the Adequate Assurance Deposit.

10.    The Debtor is authorized, as necessary, to provide a copy of this Interim Order, and any final order approving the relief requested in the Motion (any such order, the "***Final Order***"), to any Utility Provider not listed on the Utility Provider List (each, an "***Additional Utility***," and collectively, the "***Additional Utilities***") as such Utility Providers are identified.   Promptly upon providing a copy of this Interim Order and the Final Order, as applicable, to an Additional Utility, the Debtor shall increase the Utility Deposit by an amount equal to approximately one month of service to that Utility Provider, based upon an average of the last three months.  The Additional Utilities shall be subject to the terms of this Interim Order and the Final Order, including the Adequate Assurance Procedures.

11.    The relief granted herein is for all Utility Providers providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Provider List.

12.    The Debtor's service of the Motion upon the Utility Provider List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of Section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

13.    Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

14.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the

status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# # #

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# EXHIBIT 2

# Proposed Final
# Order

**EXHIBIT 2 - Page 20**

1  Derrick Talerico – Bar # 223763
   dtalerico@wztslaw.com
2  Paige T. Rolfe – Bar # 331096
   prolfe@wztslaw.com
3  WEINTRAUB ZOLKIN TALERICO & SELTH LLP
4  11766 Wilshire Boulevard, Suite 730
   Los Angeles, CA 90025
5  Telephone: (424) 500-8552

6  [Proposed] General Bankruptcy Counsel to
7  Chapter 11 Debtor and Debtor in Possession,
   C.D.S. Moving Equipment, Inc.

8

9

10                    **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

12

13  In re:                                    Case No. 2:25-bk-21646-WB

14  C.D.S. MOVING EQUIPMENT, INC., dba        Chapter 11
    CDS PACKAGING SOLUTIONS,
15                                            **FINAL ORDER (1) APPROVING THE**
        Debtor and Debtor In Possession.     **DEBTOR'S PROPOSED ADEQUATE**
16                                            **ASSURANCE OF PAYMENT FOR**
                                             **FUTURE UTILITY SERVICES, (2)**
17                                            **PROHIBITING UTILITY COMPANIES**
                                             **FROM ALTERING, REFUSING, OR**
18                                            **DISCONTINUING SERVICES, (3)**
                                             **APPROVING THE DEBTOR'S**
19                                            **PROPOSED PROCEDURES FOR**
                                             **RESOLVING ADEQUATE ASSURANCE**
20                                            **REQUESTS; AND (4) GRANTING**
                                             **RELATED RELIEF**
21
22                                            Hearing:
23                                            Date:        January 14, 2026
                                             Time:        2:00 p.m.
24                                            Courtroom: 1375
                                                          255 E. Temple Street
25                                                        Los Angeles, CA 90012
26

27      Upon the motion (the "***Motion***") of the above-captioned debtor and debtor-in-possession

28  (the "***Debtor***") for entry of a final order (this "***Final Order***"): (1) approving the Debtor's proposed

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

adequate assurance of payment for future utility services, (2) prohibiting Utility Providers from altering, refusing, or discontinuing services, (3) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests; and (4) granting related relief (the "*Motion*") [Dkt. ___]. The Court, having considered the Motion and other documents filed in support of the Motion, the arguments and representations of counsel at the hearing on the Motion, finding notice of the Hearing proper, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, to honor, pay, or otherwise satisfy undisputed post-petition amounts owed to the Utility Providers on account of Utility Services provided to the Debtor in the ordinary course of business in accordance with prepetition practices.

3.      The Adequate Assurance Deposit and the Debtor's ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment as required under Section 366 of the Bankruptcy Code.

4.      All Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of the Chapter 11 Case, or any perceived inadequacy of the Adequate Assurance Deposit.

5.      The following Adequate Assurance Procedures are hereby approved:

      a.    The Debtor or its counsel will provide a copy of this Final Order to each of the Utility Providers listed on **Exhibit 2** to the Second Barwick Declaration within two (2) business days after entry of the Final Order by the Court.

      b.    If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "*Request*") upon (i) the Debtor, C.D.S. Moving Equipment, Inc. dba CDS Packaging Solutions, 375 W Manville St., Compton, CA 90220, Attn: Dennis Barwick, and (ii) proposed counsel to the Debtor, Weintraub Zolkin Talerico & Selth LLP, 11766 Wilshire Boulevard, Suite 730, Los Angeles, California 90025, Attn: Derrick Talerico, Esq. (collectively, the "*Notice Parties*");

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

c. Each Request must (i) be made in writing; (ii) set forth a description of the Utility Services provided and the relevant account number(s); (iii) include a summary of the Debtor's payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under Section 366(c)(2) of the Bankruptcy Code;

d. Upon the Notice Parties' receipt of a Request at the addresses set forth in subparagraph (b) above, the Debtor shall promptly negotiate with such Utility Provider to resolve such Utility's Request;

e. If the Debtor determines that a timely received Request is not reasonable and is unable to reach an alternative resolution with the applicable Utility Provider, the Debtor shall, upon reasonable notice, calendar the matter (the "***Adequate Assurance Dispute***") for the next available hearing date to determine the adequacy of assurance of payment pursuant to Section 366(c)(3) of the Bankruptcy Code;

f. Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the filing of the Chapter 11 Case, or any objection to the adequacy of the Proposed Adequate Assurance; and

g. The Debtor may, in its discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtor believes that such additional assurance is reasonable in the exercise of their business judgment and the Debtor may, by mutual agreement with the objecting Utility Provider and

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated one month's utility expense.

6.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) shall be returned to the Debtor on the earlier of (i) reconciliation and payment by the Debtor of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtor's termination of the Utility Services from such Utility Provider, (ii) the closing of a sale of all or substantially all of the Debtors' assets, or (iii) the effective date of any chapter 11 plan confirmed in the Chapter 11 Case. Additionally, if the Debtor terminates and/or reduces any of the Utility Services provided by a Utility Provider, the Debtor is permitted to reduce the Adequate Assurance Deposit to reflect the termination and/or reduction of such Utility Services; provided, that the Debtor shall have paid any such Utility Provider in full for any outstanding postpetition Utility Services with respect to the terminated or reduced Utility Services before reducing the Adequate Assurance Deposit.

8.      The Debtor is authorized, as necessary, to provide a copy of this Final Order to any Utility Provider not listed on the Utility Provider List (each, an "*Additional Utility*," and collectively, the "*Additional Utilities*") as such Utility Providers are identified.  Promptly upon providing a copy of this Final Order to an Addition al Utility, the Debtor shall increase the Utility Deposit by an amount equal to approximately one month of service to that Utility Provider, based upon an average of the last three months.  The Additional Utilities shall be subject to the terms of this Final Order, including the Adequate Assurance Procedures.

9.      The relief granted herein is for all Utility Providers providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Provider List.

10.     The Debtor's service of the Motion upon the Utility Provider List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of Section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

11.  Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

12.  Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

13.  The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16.  The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

# # #

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
   11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (1) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES; (2) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES; (3) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ASSURANCE REQUESTS; AND (4) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 12, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Proposed Attorneys for Debtor C.D.S. Moving Equipment, Inc.: **Derrick Talerico**:  dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Creditor American Express National Bank, c/o Zwicker & Associates, P.C.: **Jonathan Arias**: bknotices@zwickerpc.com
- Attorneys for Creditor COMREF SO. CA. INDUSTRIAL SUB G, LLC: **Ronald K Brown**:  ron@rkbrownlaw.com
- Attorneys for Creditor Pathward, National Association:  **Thomas E Shuck**:  tshuck@pmcos.com; efilings@pmcos.com
- Attorneys for Creditor JP Morgan Chase Bank, N.A.:  **Rebecca M Wicks**:  rwicks@buchalter.com; lverstegen@buchalter.com; docket@buchalter.com
- US Trustee's Office:  ustpregion16.la.ecf@usdoj.gov; **Hatty K Yip**:  hatty.yip@usdoj.gov; hatty.k.yip@usdoj.gov

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to the Judicial Practice Guide of the Honorable Julia W. Brand, chambers copies are waived unless requested.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 12, 2026 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.