Thomas E. Shuck SBN 116228
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
515 S. Figueroa St., 8th Floor
Los Angeles, California 90071
Telephone:   (213) 683-6500
Facsimile:    (213) 683-6669
Email: tshuck@pmcos.com

Thomas Coughlin (P40561)
Kimberly Ross Clayson (P69804)
Anthony Cimini (P86223)
TAFT STETTINIUS & HOLLISTER LLP
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
tcoughlin@taftlaw.com
kclayson@taftlaw.com
acimini@taftlaw.com
(Pro Hac Vice Admissions Pending)

Attorneys for Creditor

PATHWORD, NATIONAL ASSOCIATION

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>C.D.S. Moving Equipment, Inc.,<br><br>                Debtor, | Case No. 2:25-bk-21646-WB<br><br>Chapter 11<br><br>**OBJECTION TO EMERGENCY MOTION FOR ORDER (i) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363 AND FED R. BANK PROC. 4001, AND (ii) DIRECTING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542**<br><br>Date:   January 14, 2026<br>Time:  1:30 P.M.<br>Place:  Courtroom: 1375<br>        U.S. Bankruptcy Court<br>        255 East Temple Street<br>        Los Angeles, CA 90012<br><br>Honorable Julia W. Brand |

OBJECTION TO EMERGENTY MOTION

1

4919-6510-4263.1

Pathward National Association, a national banking corporation ("Pathward"), through its attorneys, Taft Stettinius & Hollister LLP and Parker, Milliken, Clark, O'Hara & Samuelian, a Prof. Corp., states as follows for its Objection to the Debtor's *Emergency Motion for Order (i) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. Proc. 4001, and (ii) Directing Turnover of Estate Property Pursuant to 11 U.S.C. § 542* [Doc 26] (the "Motion"):

## OBJECTION

1. Pathward incorporates by reference the facts and arguments contained in its *Objection to Debtor's Emergency Motion for Interim Authority Cash Collateral* [Doc 17] (the "First Objection"), *Motion for Appointment of a Chapter 11 Trustee* [Doc __] (the "Motion to Appoint Trustee") and the *Declaration of Jarad W. LaCroix, Director of Portfolio, Asset Based Lending for Pathward, National Association* [Doc __] (the "Declaration").[1]

2. The Court should not grant the Debtor's use of cash collateral nor direct Pathward to turn over cash until and unless a Chapter 11 trustee is appointed to the case.

3. Section 543 of the Bankruptcy Code[2] "requires any 'entity,' subject to some exceptions, to turn over 'property' belonging to the bankruptcy estate. 11 U. S. C. §542(a) [ provided, however that] the debtor in turn must be able to provide the creditor with 'adequate protection' of its interest in the returned property, §363(e)." *City of Chi. v.*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Objection, the Trustee Motion and the Declaration.

[2] The "Bankruptcy Code" shall refer to Title 11, United States Code, Sec. 101 *et seq.*

*Fulton*, 592 U.S. 154, 165, 141 S. Ct. 585, 594 (2021); *see also United States v. Smith (In re Smith)*, 158 B.R. 813, 817 (B.A.P. 9th Cir. 1993) ("The Court concluded that property in which secured creditors had an interest, even a possessory interest, remained property of the estate and could be recovered under § 542 ***if adequate protection was afforded to the creditor***.") (emphasis added) (relying on *United States v. Whiting Pools, Inc.,* 462 U.S. 198 (1983).

4. Section 361 of the Bankruptcy Code instructs that "[a]dequate protection may be provided by—requiring . . . cash payment or periodic cash payments . . . additional or replacement liens or . . . granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. §361.

5. "Adequate Protection Payments are not a payment of collateral—rather, adequate protection is designed to protect secured creditors against diminution in value of their collateral. The purpose of adequate protection 'is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use by the debtor.'" *Del. Tr. Co. v. Wilmington Tr., N.A. (In re Energy Future Holdings Corp.)*, 546 B.R. 566, 581 (Bankr. D. Del. 2016) (internal citation omitted).

6. "In any given case, the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the debtor's request for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value consistent with the concept of indubitable equivalence." *In re*

*Martin*, 761 F.2d 472, 476–77 (8th Cir. 1985) (citing *Ruggiere Chrysler-Plymouth*, 727 F.2d 1017, 1019 (11th Cir. 1984)).

7.  The Debtor or moving party "bears the burden of providing this proof of adequate protection for the secured interest holder." *Tex. Comptroller of Pub. Accounts v. Zars (In re Zars)*, 434 B.R. 421, 431–32 (W.D. Tex. 2010) (citing 11 U.S.C. § 363(p)).

8.  The Debtor has not adequately demonstrated that Pathward is adequately protected therefore the Debtor should not be granted the use of cash collateral and Pathward should not be required to turnover Debtor's cash collateral to the Debtor. The Motion merely proposes to grant Pathward replacement liens in the Debtor's assets and does not offer cash payment or periodic payments to Pathward.

9.  The Debtor claims it is expected operate "cash flow positive during the budgeted period on a monthly basis." Motion at p. 9. However, the Debtor's 13-week budget attached to the Motion does not match to Debtor's prepetition operations in which the Debtor excess of Advance Formula agreed to in the Revolving Loan Schedule.

10. Additionally, the Debtor's inventory valuation is well over-stated because it includes stale, special order, and slow-moving inventory that at best has a liquidation value of 15 to 20 percent of its book value as presented in the Debtor's papers.

11. The Debtor's financial reporting is entirely unreliable and untrustworthy as set forth in the Motion to Appoint Trustee. This necessitates appointment in a Chapter 11 trustee who can operate the Debtor as a neutral third-party fiduciary who can produce an accurate and truthful financial analysis of the Debtor and can determine whether and how

Pathward is adequately protected (through value of collateral and/or adequate protection payments).

12. The appointment of a Chapter 11 trustee will facilitate the Debtor's operations and Pathward's willingness to consent to the use of cash collateral necessary for the Debtor to successfully prosecute this Bankruptcy Proceeding.

## CONCULSION

WHEREFORE, Pathward respectfully requests that this Court DENY the Motion, appoint a Chapter 11 trustee or, in the alternative, dismiss this Bankruptcy Proceeding and award all such other relief this Court deems just and appropriate.

Respectfully submitted,

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, APC

Dated: January 12, 2026

_____
Thomas E. Shuck, Attorneys for
PATHWARD, NATIONAL ASSOCIATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
515 S. Figueroa St. 8th Floor Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled: **OBJECTION TO EMERGENCY MOTION FOR ORDER (i) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363 AND FED R. BANK PROC. 4001, AND (ii) DIRECTING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* Jan. 12, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
- Derrick Talerico  -  dtalerico@wztslaw.com
  zwicker & Associates, P.C. bknotices@zwickerpc.com
- 

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 01-12-26, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
The Honorable Julia B. Brand
Courtroom 1375
U.S. Bankruptcy Court
255 East Temple Street
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Jan. 12, 2026 | Rosemary Pinal | /s/ Rosemary Pinal |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2024                                           Page 4                              F 2090-1.2.APP.NONRES.ATTY