Derrick Talerico – Bar # 223763
dtalerico@wztslaw.com
Paige T. Rolfe – Bar # 331096
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

[Proposed] General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
C.D.S. Moving Equipment, Inc.

**FILED & ENTERED**

**JAN 20 2026**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS,<br><br>    Debtor and Debtor In Possession. | Case No. 2:25-bk-21646-WB<br><br>Chapter 11<br><br>**ORDER GRANTING INTERIM USE OF CASH COLLATERAL; SETTING FINAL HEARING ON USE OF CASH COLLATERAL, AND DIRECTING TURNOVER OF ESTATE PROPERTY**<br><br>Hearing held:<br>Date:    January 14, 2026<br>Time:    2:00 p.m.<br>Courtroom:  1375<br>           255 E. Temple Street<br>           Los Angeles, CA 90012<br><br>***Emergency hearing held*:**<br>***Date:*    *January 20, 2026***<br>***Time:*    *11:00 a.m.***<br>***Courtroom: 1375***<br><br>Further hearing set for:<br>Date:    February 17, 2026<br>Time:    10:00 a.m.<br>Courtroom:  1375<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

-1-
ORDER FOR INTERIM USE OF CASH COLLATERAL AND TURNOVER

A continued hearing was held on January 14, 2026 (the "***Hearing***") on Debtor's Emergency Motion for Use of Cash Collateral and for Turnover of Estate Property (the "***Motion***") [Dkt. 26]. The Court, having considered the Motion and other documents filed in support of the Motion, Pathward, National Association's opposition to the Motion [Dkt. 42], the arguments and representations of counsel at the hearing on the Motion, finding notice of the Hearing proper, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted as set forth herein;

2. Debtor is authorized to use cash collateral on an interim basis as set forth in the Motion and the Amended Budget attached as **Exhibit 1** to the Supplemental Omnibus Declaration of Michael Dennis Barwick [Dkt. 39] from January 8, 2026 through February 17, 2026;

3. Further hearing on the Motion is set for February 17, 2026 at 10:00 a.m.;

4. Pathward, National Association ("***Pathward***") is ordered to turn over to Debtor, for deposit in Debtor's DIP account, by no later than close of business on January 16, 2026: (1) an amount equal to all receivables collected by Pathward as of 9:57 a.m. on December 29, 2025 (the "***Petition Date***") and not already forwarded to the Debtor; and (2) all CDS receivables collected by Pathward since 9:57 a.m. on the Petition Date.

5. Pathward is ordered to provide, by no later than January 21, 2026, an accounting (the "***Accounting***") of:(1) all amounts held in Pathward's CDS lockbox as of December 29, 2025; and (2) all CDS receivables collected by Pathward since December 29, 2025 through the date of the accounting;

6. If, despite its best efforts, Pathward is unable to provide the Accounting by January 21, 2026, Pathward may automatically extent the deadline to provide the Accounting to January 28 by sending email notice of Pathward's election to extend the deadline to Debtor's counsel (dtalerico@wztslaw.com; prolfe@wztslaw.com) on or before January 21, 2026.

7. To the extent of the diminution of the value of Pathward's collateral as of the Petition Date resulting from Debtor's post-petition use of cash collateral, Pathward shall have a continuing first lien (the "***Replacement Lien***") on the Debtor's personal property of any kind and nature

whatsoever whether now owned or hereafter acquired by Debtor, and all proceeds, rents or profits thereof, (collectively, the "**DIP Collateral**"); provided, however, that the DIP Collateral shall not include any of Debtor's leasehold interests created by any nonresidential real property lease or any security deposit held by any landlord under a nonresidential real property lease. Notwithstanding anything contained herein to the contrary, this Order does not afford Pathward a security interest in any Chapter 5 causes of action. All other terms of the Replacement Lien shall be consistent with the terms of Pathward's prepetition liens.

8. All liens and security interests in the DIP Collateral granted to Pathward by this Order are deemed duly perfected and recorded under all applicable laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order or act shall be required to effect or continue such perfection, although Pathward may, in its sole discretion, and at its own expense, make any filings or recordations or other acts it deems appropriate with respect to such perfection.

9. After February 20, 2026, Pathward's counsel may contact Debtor's counsel to arrange for reasonable access to any property at which Debtor is in possession and at which Pathward's collateral is located. Debtor agrees to use its best efforts to provide reasonable access for no more than two of Pathward's authorized representatives to visit and inspect Pathward's collateral at such properties within 7 business days of Pathward's request, but shall provide such access no later than 30 days from Pathward's request. Notwithstanding anything to the contrary in this Order, Pathward's rights to use or occupy any premises subject to a nonresidential real property lease shall be limited to: (a) any such rights agreed in writing by the applicable landlord; (b) any such rights under applicable non-bankruptcy law, if any; or (c) further order of the Court or any court of competent jurisdiction following notice and a hearing appropriate under the circumstances. Nothing in this Order is intended to alter the rights, if any, of any landlord with respect to insurance proceeds arising from or relating to its applicable premises.

10. Debtor shall not object to the validity or priority of Pathward's secured status.

11. The Debtor, at its expense, shall (a) continue to keep all collateral insured to its maximum insurable value against all loss, peril and hazard and name ***Pathward*** ~~Bank~~ as lender's loss payable under such policies; and (b) pay any and all post-petition taxes, assessment and

-3-
ORDER FOR INTERIM USE OF CASH COLLATERAL AND TURNOVER

governmental charges, except to the extent such are being contested in good faith by appropriate proceedings and Debtor maintains appropriate cash reserves for the expenses being contested, and provide ***Pathward*** ~~Bank~~ with proof of the foregoing within 3 days of payment. Copies of all federal tax returns, federal tax deposits and other payments made by Debtor during the pendency of this Order shall be timely mailed to Bank.

12. Debtor will promptly give the ***Pathward*** ~~Bank~~ written notice of the closure of any of the Debtor's locations, the closure of all of the Debtor's business operations, theft or loss of property in aggregate value of $5,000 or more, any insured loss, change in control or ownership of the Debtor, the incurrence of any post-petition liability for any reason in excess of $5,000, Debtor's write off or receipt of notice of an account debtor's or debtors' objection to payment of an account or insolvency proceeding resulting in a decline of collectable accounts receivable in an aggregate of $5,000. To the extent any of these items are timely disclosed in court filings, such filings shall satisfy Debtor's notice obligation to Pathward.

13. Debtor shall provide the following weekly reports to Pathward commencing January 30, 2026: (i) an accounts receivable aging report; (ii) an inventory report (which should include product returns), and (iii) cash receipts for the reporting period. The weekly reports are due by close of business each Friday, but are not late so long as they are delivered by close of business of the following Wednesday.

14. Debtor shall deliver to the ***Pathward*** ~~Bank~~, concurrently with their filing, copies of each report filed with the Office of the United States Trustee if not also filed with the court.

###

Date: January 20, 2026

*/s/ Julia W. Brand*
Julia W. Brand
United States Bankruptcy Judge

ORDER FOR INTERIM USE OF CASH COLLATERAL AND TURNOVER

Approved as to form:

Dated: January 14, 2026     **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By /s/ Derrick Talerico
    Derrick Talerico
    [Proposed] General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    C.D.S. MOVING EQUIPMENT, INC.

Dated: January __, 2026     **PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, APC**

By_____
    Thomas E. Shuck
    Attorneys for PATHWARD, NATIONAL ASSOCIATION

Dated: January __, 2026     **TAFT STETTINIUS & HOLLISTER LLP**

By_____
    Kimberly Ross Clayson
    Thomas Coughlin
    Anthony Cimini
    Attorneys for PATHWARD, NATIONAL ASSOCIATION

Dated: January 15, 2026     **ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

By [signature]
    Michael Greger
    Attorneys for HAYWARD M INDUSTRIAL LLC

###

Approved as to form:

Dated: January 14, 2026     **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By */s/ Derrick Talerico*
   Derrick Talerico
   [Proposed] General Bankruptcy Counsel for
   Chapter 11 Debtor and Debtor in Possession,
   C.D.S. MOVING EQUIPMENT, INC.

Dated: January __, 2026     **PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN, APC**

By_____
   Thomas E. Shuck
   Attorneys for PATHWARD, NATIONAL ASSOCIATION

Dated: January __, 2026     **TAFT STETTINIUS & HOLLISTER LLP**

By_____
   Kimberly Ross Clayson
   Thomas Coughlin
   Anthony Cimini
   Attorneys for PATHWARD, NATIONAL ASSOCIATION

Dated: January __, 2026     **ALLEN MATKINS**

By_____
    Michael Greger
    Attorneys for HAYWARD M INDUSTRIAL LLC

###