PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
HATTY YIP, TRIAL ATTORNEY, SBN 246487
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(213) 894-1507 telephone
(213) 894-2603 facsimile
Email: hatty.yip@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**C.D.S. MOVING EQUIPMENT, INC.,**<br><br>Debtor. | Case No.: 2:25-bk-21646-WB<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS, CONVERT OR DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; DECLARATION OF MARLENE FOUCHE IN SUPPORT THEREOF**<br><br>Hearing Date:  March 5, 2026<br>Time            10:00 a.m.<br>Place           Courtroom 1375<br>                255 E. Temple St.<br>                Los Angeles, CA 90012 |

**TO THE HONORABLE JULIA BRAND UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on March 5, 2026, at 10:00 AM in Courtroom 1375, or as soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the Central District of California ("U.S. Trustee"), will move this Court for an order dismissing, converting the

1  case, or directing the appointment of a Chapter 11 trustee in the above-entitled case pursuant to 11
2  U.S.C. § 1112(b) for cause, and for such other relief as may be appropriate.

3      This Motion is based upon this Notice of Motion, the Memorandum of Points and
4  Authorities attached hereto, all other papers and pleadings on file with this Court, and such
5  evidence or argument as the Court might receive at the time of the hearing on the Motion.

6      Local Bankruptcy Rule ("LBR") 9013-1(1)(f) requires that any opposition or response to
7  this Motion must be stated in writing, filed with the Clerk of the Court and served on the United
8  States Trustee at 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017 at least 14 days prior to
9  the hearing. Failure to file and serve any opposition may be considered consent to the relief
10 requested in this Motion.

11 DATE: January 20, 2026        Respectfully Submitted,
                                            PETER C. ANDERSON
12                                          UNITED STATES TRUSTEE

14                        By:  /s/ Hatty Yip
                             Hatty Yip
15                              Attorney for the United States Trustee

## I. INTRODUCTION

C.D.S. Moving Equipment, Inc. filed this Chapter 11 case on December 29, 2025. The U.S. Trustee alleges that cause exists for dismissal or conversion pursuant to 11 U.S.C. § 1112(b) because the Debtor failed to satisfy its Chapter 11 filing or reporting requirements.

## II. JURISDICTION AND STANDING

This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B). This motion is filed pursuant to 11 U.S.C. § 1112(b).

## III. STATEMENT OF FACTS

1. On December 29, 2025, C.D.S. Moving Equipment, Inc. (the "Debtor") filed a voluntary Chapter 11 petition.[1]

2. The Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 (Notices and Guides), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend required meetings as follows:

   a. The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").

   b. The Debtor has failed to provide the Real Property Questionnaire.

   c. The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

   d. The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general,

---

[1] The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's petition, schedules, statement of financial affairs, and other case commencement documents and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by the Debtor(s), are admissible admissions of the Debtor(s) pursuant to Fed. R. Evid. 801(d).

        payroll and tax)[2] including a copy of the "debtor-in-possession" check for each account.

e.    The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.

f.    The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.

g.    The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

h.    The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.

i.    The Debtor has failed to provide a conformed copies of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.

j.    The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

k.    The Debtor has failed to provide a Statement of Major Issues and Timetable Report.

l.    The Debtor has failed to provide an Employee Benefit Plan Questionnaire.

IV.    **LEGAL ARGUMENT**

    A.    **CONVERSION OR DISMISSAL UNDER 11 U.S.C. § 1112(b)**

11 U.S.C. § 1112(b)(1) states:

Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

---

[2] Unless the Debtor(s) has requested in writing that the U.S. Trustee waive one or more of the required accounts, and the U.S. Trustee has granted the request in writing.

- 4 -

The term cause includes the following: (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to one or more creditors; (E) failure to comply with an order of the Court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a)…without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administer, if any);…(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;...(K) failure to pay any fees or charges required under chapter 123 of title 28;...

11 U.S.C. § 1112(b)(4).

The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal under 11 U.S.C. § 1112(b).  *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000).  While section 1112(b)(4) identifies factors that can constitute "cause" for dismissal of a case, the list is not exhaustive. *Id*.

Local Bankruptcy Rule 2015-2(a) also mandates timely compliance with the reasonable requirements of the Office of the United States Trustee.

**B.    THE DEBTOR'S FAILURE TO COMPLY WITH U.S. TRUSTEE REQUIREMENTS CONSTITUTES "CAUSE."**

The Debtor has failed to submit a 7-day package to the U.S. Trustee.  A debtor's failure to timely satisfy any filing or reporting requirement is cause under 11 U.S.C. § 1112(b)(F) and (H). Local Bankruptcy Rule 2015-2(a)(1) provides that the debtor "must file reports in compliance with this Rule and any requirements established by the United States Trustee…" Under the U.S. Trustee Notices and Guides, a chapter 11 debtor must provide, among other things, the following documents to the U.S. Trustee within 7 days of the bankruptcy filing: real property questionnaire, proof of insurance coverage, declaration of closure of all pre-petition bank accounts, list of insiders,

projected cash flow, and tax returns. Failure to comply with the reporting requirements of the United States Trustee and Local Bankruptcy Rules is cause to dismiss or convert a chapter 11 case. *See In re Bowers Investment Company, LLC*, 553 B.R. 762, 774 (D. Alaska 2016); *In re 3868-70 White Plans Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983). As detailed above and in the attached declaration in support hereof, "cause" exists under 11 U.S.C. § 1112(b)(F) and (H) because of the Debtor's unexcused failure to timely comply with U.S. Trustee reporting requirements.

The U.S. Trustee has a statutory duty to supervise the administration of chapter 11 cases, as well as trustees and debtors in possession. The U.S. Trustee requirements that the Debtor is disregarding are vital to the U.S. Trustee's ability to fulfill his statutory duties under 28 U.S.C. § 586 and as such are not a minor or trivial matter. Accordingly, the failure to comply with U.S. Trustee requirements constitutes "cause" for dismissal of the case.

### C. THE DEBTOR'S FAILURE TO MAINTAIN INSURANCE THREATENS PUBLIC SAFETY AND EXPOSES THE ESTATE TO LIABILITY.

A debtor's "failure to maintain appropriate insurance that poses a risk to the estate or the public" constitutes "cause" to dismiss. 11 U.S.C. § 1112 (b)(4)(C). A debtor must maintain property and liability insurance coverage so that the assets of the bankruptcy estate are protected against loss. *In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010). Further, there is a need to ensure that the public is not at risk by having liability insurance to protect against harm to the public.

In the instant case, the Debtor has not met its burden of establishing that the Debtor has appropriate liability and worker's compensation insurance. Therefore, cause exists under 11 U.S.C. § 1112(b)(4)(C).

### D. THE COURT SHOULD DISMISS OR CONVERT THIS CASE.

Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are

unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

Because no Schedules have been filed by the Debtor, the U.S. Trustee contends that dismissal appears to be in the best interest of creditors. Debtor is an operating business, and the main dispute is between the Debtor and a secured creditor. Moreover, there are no unusual circumstances that establish that dismissal is not in the best interests of creditors and the estate. As a result, based on the current evidence available, dismissal appears to be in the best interest of creditors and the appropriate remedy in this case.

### E.  IN THE ALTERNATIVE, THE COURT SHOULD ENTER A CONTINUING COMPLIANCE ORDER AND SET DEADLINES.

If the Court makes a finding that dismissal, conversion, or appointment of a trustee is not appropriate in this case, the Court should alternatively issue a continuing compliance order. The Debtor has already failed to timely comply with the chapter 11 debtor-in-possession requirements. A continuing compliance order is necessary to ensure that the Debtor will continue to fulfill its debtor-in-possession fiduciary duties. Accordingly, the Court should order that the Debtor remain in full and timely compliance with all U.S. Trustee requirements and further order that if the Debtor fails to comply with any date set or to remain in full and timely compliance, the U.S. Trustee can submit a one-time notice of delinquency. The Debtor shall have 7 days to cure the deficiencies. If the Debtor fails to cure within 7 days or if the Debtor thereafter falls out of timely compliance, the U.S. Trustee may submit an application without further hearing, served upon Debtor and Debtor's counsel, to dismiss or convert this case.

### V.  CONCLUSION

The Court should find cause under § 1112(b) and grant the U.S. Trustee's motion. The Debtor has blatantly failed to comply with the U.S. Trustee's requirements, and as such, the Court should dismiss this case.

//

//

//

WHEREFORE, the U.S. Trustee respectfully requests that this Court grant this Motion and issue any other and further relief as this Court deems appropriate.

DATE: January 20, 2026

        Respectfully Submitted,
        PETER C. ANDERSON
        UNITED STATES TRUSTEE

By:  /s/ Hatty Yip
      Hatty Yip
      Attorney for the United States Trustee

**DECLARATION OF MARLENE FOUCHE**

I, Marlene Fouche, hereby declare:

1. I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I am employed as an Auditor by the Office of the United States Trustee for the Central District of California in the Los Angeles Field Office. I am the Auditor assigned to the case of *C.D.S. Moving Equipment, Inc.,* Case No. 2:25-bk-21646-WB. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2. I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors. These procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case in order for the United States Trustee to conduct his statutory duties. I have reviewed the files and electronic records of the United States Trustee for this case and have included the results of my review in this declaration.

3. Based on my review of the case file, the Debtor had failed to submit a 7-day package and has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 (Notices and Guides), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend requirement meetings as follows:

    a. The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").

    b. The Debtor has failed to provide the Real Property Questionnaire.

    c. The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

    d. The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general,

    payroll and tax)³ including a copy of the "debtor-in-possession" check for each account.

e.  The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.

f.  The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.

g.  The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

h.  The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.

i.  The Debtor has failed to provide a conformed copies of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.

j.  The Debtor has failed to provide a Statement of Major Issues and Timetable Report.

k.  The Debtor has failed to provide an Employee Benefit Plan Questionnaire.

l.  The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on January 20, 2026 in Los Angeles, CA.

                _____
                Marlene Fouche

---

³ Unless the Debtor(s) has requested in writing that the U.S. Trustee waive one or more of the required accounts, and the U.S. Trustee has granted the request in writing.

payroll and tax)[3] including a copy of the "debtor-in-possession" check for each account.

e. The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.

f. The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.

g. The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

h. The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.

i. The Debtor has failed to provide a conformed copies of the recording of the Debtor's bankruptcy petition in each county in which real property is owned.

j. The Debtor has failed to provide a Statement of Major Issues and Timetable Report.

k. The Debtor has failed to provide an Employee Benefit Plan Questionnaire.

l. The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on January 20, 2026 in Los Angeles, CA.

*/s/ Fouche*
_____
Marlene Fouche

---

[3] Unless the Debtor(s) has requested in writing that the U.S. Trustee waive one or more of the required accounts, and the U.S. Trustee has granted the request in writing.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS, CONVERT, OR DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __1/20/26__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED LIST

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __1/20/26__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by instructing the servicing agency to place a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
DEBTOR: C.D.S. Moving Equipment, Inc., 375 W. Manville, St., Compton, CA 90220
DEBTOR'S COUNSEL: Derrick Talerico, Weintraub Zolkin Talerico & Selth LLP, 11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025
JUDGE'S COPY: The Honorable Julia W. Brand, 255 E. Temple St., Suite 1382, Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __N/A__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
NOT APPLICABLE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/20/26 | Hatty Yip | /s/ Hatty Yip |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                               **F 9013-3.1.PROOF.SERVICE**

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:
DEBTOR'S COUNSEL: Derrick Talerico    dtalerico@wztslaw.com,
maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
US TRUSTEE: ustpregion16.la.ecf@usdoj.gov
US TRUSTEE Hatty Yip:  hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
ELECTRONIC NOTICE: Jonathan Arias jarias@zwickerpc.com
ELECTRONIC NOTICE: Ronald K Brown   ron@rkbrownlaw.com
ELECTRONIC NOTICE: Shawn M. Christianson cmcintire@buchalter.com, schristianson@buchalter.com
ELECTRONIC NOTICE: Kimberly Ross Clayson kclayson@taftlaw.com,
ttorni@taftlaw.com;DET_Docket_Assist@taftlaw.com;KKelsey-Dennis@taftlaw.com
ELECTRONIC NOTICE: Paige T Rolfe prolfe@wztslaw.com,
maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
ELECTRONIC NOTICE: Thomas E Shuck tshuck@pmcos.com, efilings@pmcos.com
ELECTRONIC NOTICE: Rachel M Sposato rsposato@ch-law.com, kneely@ch-law.com
ELECTRONIC NOTICE: Rebecca M Wicks  rwicks@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

UNITED STATES BANKRUPTCY COURT
Central District of California Los Angeles

| | |
|---|---|
| In re:<br>  C.D.S Moving Equipment, Inc,<br>        Debtor(s). | Case No.: 25-21646<br>Chapter: 11 |

## PROOF OF SERVICE

I, Tinamarie Feil, state as follows:

I am over the age of 18 and not a party to the above-captioned case.  I am employed by BMC Group, Inc., an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Rules 9001(9) and 2002(g)(4) of the Federal Rules of Bankruptcy Procedure.

I declare that on 01/20/2026, as directed by Office of the United States Trustee, true and correct copy(s) of the following document(s) were served on the party(s) listed on the attached exhibit(s) via the mode(s) of service thereon indicated.  Such service was performed under my direct supervision, by employees of BMC Group, Inc.

United States Trustee's Notice of Motion and Motion under 11 U.S.C. Sec. 1112(b) to Dismiss, Convert, or Direct the Appointment of a Chapter 11 Trustee

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
01/20/2026

*Tinamarie Feil*

Tinamarie Feil
BMC Group, Inc.
Approved Bankruptcy Notice Provider
info@bmcgroup.com;
888.909.0100

Page 1 of 2

**Exhibit A - Certificate of Service**
**C.D.S Moving Equipment, Inc 25-21646**

| List ID | Name and Address of Served Party | Mode of Service |
|---|---|---|
| 28096 | C.D.S. Moving Equipment, Inc., 375 W Manville St, Compton, CA, 90220 | **First Class** |
| 28096 | Derrick Talerico, Weintraub Zolkin Talerico & Selth LLP, 11766 Wilshire Blvd, Suite 730, Los Angeles, CA, 90025 | **First Class** |
| 28096 | The Honorable Julia W. Brand, 255 E. Temple St., Suite 1382, Los Angeles, CA, 90012 | **First Class** |

FROM:   OFFICE OF THE UNITED STATES TRUSTEE

DATE:   1/20/26

TO:   BANKRUPTCY NOTICING CENTER

SUBJECT:   UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

**PART I**

**Please notice the subject motion for the following Chapter 11 case**:

CASE NUMBER: 2:25-bk-21646-WB

CASE NAME:  C.D.S. Moving Equipment, Inc.

DATE PETITION FILED: 12/29/25

HEARING DATE:   3/5/26   TIME: 10:00 a.m.

COURTROOM: 1375

CONTACT AT U.S. TRUSTEE'S OFFICE:   Hatty Yip

   Trial Attorney

   For Conversion or Dismissal Only

Does the conversion or dismissal involve a joint petition wherein one party (husband or wife) has been converted or dismissed?

   { } Yes      { } No

If yes, explain:


PREPARED BY: Hatty Yip

===

**PART II**   (To be completed by BANS)

Data Entry Operator _____   Date Entered _____

Comments:_____

_____

_____