Derrick Talerico – Bar # 223763
dtalerico@wztslaw.com
Paige T. Rolfe – Bar # 331096
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Proposed General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
C.D.S. Moving Equipment, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re: | Case No. 2:25-bk-21646-WB |
|---|---|
| C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **DEBTOR'S NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS FOR DEBTOR TO FILE A PLAN OF REORGANIZATION AND RELATED DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DERRICK TALERICO IN SUPPORT** |

Hearing:
Date:          May 21, 2026
Time:          10:00 a.m.
Courtroom:  1375
                   255 E. Temple Street
                   Los Angeles, CA 90012

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-1-
MOTION TO EXTEND PLAN EXCLUSIVITY

C.D.S. MOVING EQUIPMENT, INC., dba CDS PACKAGING SOLUTIONS, the Chapter 11 debtor and debtor in possession ("*CDS*" or the "*Debtor*") in the above-captioned bankruptcy case (the "*Bankruptcy Case*"), hereby moves this Court for an order (i) extending the period of exclusivity for the Debtor to file its chapter 11 plan (the "*Exclusive Filing Period*") by 120 days, from April 28, 2026 to August 26, 2026, and (ii) extending the period during which the Debtor has the exclusive right to solicit plan acceptance (the "*Exclusive Solicitation Period*," together with the Exclusive Filing Period, the "*Exclusivity Periods*") by 120 days, from June 27, 2026 to November 24, 2026 (the "*Motion*"). The Motion is brought pursuant to section 1121(d)(1) of Title 11 of the United States Code (beginning at 11 U.S.C. §§ 101, et seq., the "*Bankruptcy Code*").

The Motion constitutes the first request by the Debtor to extend the Exclusivity Periods. The first months of this Bankruptcy Case have been spent stabilizing and streamlining operations and resolving disputes with secured creditors and landlords. The Debtor has made significant progress in this Bankruptcy Case and needs more time to develop and propose a plan of reorganization.

Based on the foregoing, and for other reasons set forth in the attached Memorandum of Points and Authorities and attached Declaration of Derrick Talerico, the Debtor submits that cause exists to grant the Motion and extend the Exclusivity Periods.

A hearing ("*Hearing*") to consider the Motion will be conducted on May 21, 2026, at 10:00 a.m., before the Honorable Julia W. Brand, United States Bankruptcy Judge, in Courtroom 1375, of the United States Bankruptcy Court, 255 East Temple Street, Los Angeles, CA 90012.

Parties may appear at the Hearing either in person at the Courtroom listed above or via ZoomGov. Video and audio connection information for the Hearing will be provided on Judge Brand's publicly posted hearing calendar, which may be viewed online at: **http://ecf-ciao.cacb.uscourts.gov/CiaoPosted** and selecting "Judge Julia W. Brand" from the tab on the left side of the page. No pre-registration is required.

Local Bankruptcy Rule 9013-1(f) requires that any response to this Motion be filed and served at least 14 days prior to the hearing on the Motion. Additionally, Local Bankruptcy Rule

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

9013-1(h) provides that the Court may deem that the failure to timely file and serve an opposition or response constitutes consent to the relief requested in the Motion.

Dated:  April 28, 2026                    **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**


By: */s/ Derrick Talerico*
    Derrick Talerico
    General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    C.D.S. MOVING EQUIPMENT, INC.

**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**
**11766 WILSHIRE BLVD., SUITE 730**
**LOS ANGELES, CA 90025**

MOTION TO EXTEND PLAN EXCLUSIVITY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Debtor brings this motion (the "*Motion*") seeking an order of the Court extending the period of exclusivity for the Debtor to file its chapter 11 plan (the "*Exclusive Filing Period*") by 120 days, from April 28, 2026 to August 26, 2026, and (ii) extending the period during which the Debtor has the exclusive right to solicit plan acceptance (the "*Exclusive Solicitation Period*," together with the Exclusive Filing Period, the "*Exclusivity Periods*") by 120 days, from June 27, 2026 to November 24, 2026.

The Motion constitutes the first request by the Debtor to extend the Exclusivity Periods. The first months of this Bankruptcy Case have been spent stabilizing and streamlining operations and resolving disputes with secured creditors and landlords. The Debtor has made significant progress in this Bankruptcy Case and needs more time to develop and propose a plan of reorganization.

### II.    JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and other bases for the relief requested in the Motion are §§ 105(a) and 1121 of title 11 of the Bankruptcy Code, as complemented by the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and the Local Bankruptcy Rules of the Central District of California (the "*Local Rules*").

### III.    STATEMENT OF FACTS

#### A.    Commencement of the Bankruptcy Case

The Debtor's CEO, Dennis Barwick, commenced this Bankruptcy Case by filing an emergency petition for relief under Chapter 11 of the Bankruptcy Code on December 29, 2025 (the "*Petition Date*").  The Debtor continues to carry out its business operations and manage its financial affairs as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108. No chapter 11 trustee, examiner, or committee has been appointed in the Bankruptcy Case.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

**B.      History of the Debtor and Its Business**

CDS is a California-based operating company that has served the moving, storage, logistics, and packaging industries for nearly fifty years. Over that time, CDS built a reputation as a reliable supplier of essential packaging materials, equipment, and logistics support to customers across multiple states. The company's longevity was achieved through consistent reinvestment, long-standing vendor relationships, and a workforce deeply experienced in its operations.

As of the Petition Date, CDS employed approximately sixty-five employees, many of whom have been with the company for years and whose livelihoods depend on the continuity of CDS's operations. Following layoffs intended to increase efficiency and reduce CDS's operating costs, CDS currently employs approximately fifty employees. CDS also maintains an established base of repeat customers and vendors who rely upon the company for timely delivery of mission-critical products.

In the months prior to the Petition Date, Debtor's revenue was diminished in major part due to a disruption to its access to working capital needed to operate. Critically, CDS did not have the liquidity needed to purchase the inventory needed to meet customer demands. CDS is operationally viable, with active customer demand, functioning facilities, and a workforce prepared to continue servicing the business.

CDS commenced this case to stabilize operations, preserve jobs, and protect enterprise value. With access to working capital, CDS has begun to restore normalized purchasing, rebuild inventory levels, reaffirm vendor relationships, and continue serving its customers while pursuing a restructuring or recapitalization that maximizes value for the estate (the "*Estate*").

**C.      The Bankruptcy Case**

The Debtor has made good progress toward reorganization in this Bankruptcy Case. So far, the Debtor has been focused on: (i) obtaining counsel, (ii) bringing first day motions to allow it to smoothly continue operations, (iii) resolving disputes with major secured creditor Pathward, National Association ("*Pathward*"), including successfully fending off Pathward's attempt to appoint a Chapter 11 trustee and negotiating use of cash collateral, (iv) rescaling its workforce, and (v) streamlining operations by downscaling and moving some of its physical locations, including

MOTION TO EXTEND PLAN EXCLUSIVITY

negotiating with existing landlords to assume favorable leases and reject unfavorable leases, and seeking and negotiating leases for new locations.

Just coming out of the flurry of operational changes and early challenges in this Bankruptcy Case, the Debtor requires more time to negotiate and propose a successful plan of reorganization.

## IV.    LEGAL ARGUMENT

### A.    <u>Cause Exists to Extend the Exclusivity Periods</u>

Section 1121(b) provides for an initial period of one-hundred and twenty (120) days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a Plan. See 11 U.S.C. § 1121(b) ("Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."). The Bankruptcy Code further provides that if a debtor files a plan within that 120-day period, it has a 180-day period from its petition date to solicit acceptance of its plan. 11 U.S.C. § 1121(c)(3). Pursuant to Section 1121(d) of the Bankruptcy Code, the Bankruptcy Court may extend the Exclusivity Periods "for cause." See 11 U.S.C. § 1121(d) ("[O]n the request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

Although the Bankruptcy Code does not define the term "cause" for purposes of § 1121(d) or establish formal criteria for an extension of the Exclusivity Periods, bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See In re Timbers of Inwood Forest Assocs., Ltd*., 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under Section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.,* No. 4- 04-CV-476-A, 2004 WL 2250986, at \*2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").

Bankruptcy courts in this district routinely grant extensions of exclusivity periods to provide ample opportunity for debtors to develop a chapter 11 plan. *See, e.g., In re Verity Health System of California, Inc.,* Case No. 2:18-bk-20151-ER, ECF No.1168 (extending Exclusivity

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Periods to 240 and 300 days after the petition date); *In re Brotman Medical Center, Inc.,* Case No. 2:07-bk-19705-BB, ECF No. 783 (Bankr. C.D. Cal. Sept. 9, 2008) (extending Exclusivity Periods to 315 and 375 days after the petition date); *In re National R. V. Holdings, Inc.,* Case No, 6:07-bk-17941-PC, ECF No. 386 (Bankr. C.D. Cal. Mar. 26, 2008) extending Exclusivity Periods to 210 and 270 days after the petition date); *In re People's Choice Home Loan, Inc.,* Case No. 8:07-bk-10765-RK, ECF No. 809 (Bankr. C.D. Cal. Jan. 8, 2008) (extending Exclusivity Periods to 317 and 377 days after the petition date).  For the reasons detailed below, the same relief should be granted here.

### B.      Relevant Factors to Analyze Cause to Extend Exclusivity Periods

The courts have developed a list of several factors to consider in determining whether a debtor has had an adequate opportunity to negotiate a chapter 11 plan and thus whether cause exists to extend the Exclusivity Periods under § 1121(d) of the Bankruptcy Code:

1.      The size and complexity of the case;

2.      The necessity of sufficient time to permit the debtor to negotiate a plan and prepare adequate information;

3.      The existence of good faith progress toward reorganization;

4.      The fact that the debtor is paying its bills as they become due;

5.      Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6.      Whether the debtor has made progress in negotiations with its creditors;

7.      The amount of time which has elapsed in the case;

8.      Whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

9.      Whether an unresolved contingency exists.

*In re New Meatco Provisions, LLC*, No. 2:13-BK-22155-PC, 2014 WL 917335, at *3 (Bankr. C.D. Cal. Mar. 10, 2014), *citing In re Dow Corning Corp.,* 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Catholic Bishop of N. Alaska*, No. F08-00110-DMD, 2009 WL 8412171, at *1 (Bankr. D. Alaska Sept. 11, 2009); *In re Adelphia Commc'ns Corp.,* 352 B.R. 578, 587

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

(Bankr. S.D. NY 2006) (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *accord In re Express One Int'l,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.,* 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based upon certain of the nine factors). The exercise of the Court's discretion is not simply a check-off process, but is based upon the totality of the circumstances. The above factors are not the exclusive bases for the exercise of the Court's discretion to extend the exclusive periods.

A debtor is not required to satisfy all nine factors as not all of them are relevant to every case. Many courts have relied upon only a few of the above factors to determine whether cause exists. See, e.g., *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 453 (9th Cir. BAP 2002) (identifying "a transcendent consideration" to be "whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution"); *In re Hoffinger Indus.*, 292 B.R. 639, 644 (8th Cir. 2003) (using four of the above factors to affirm the bankruptcy court's extension of the exclusivity period); *In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying five factors used by courts to determine whether cause exists to extend exclusivity).

As explained below, the factors outlined in *In re New Meatco Provisions, LLC*, to the extent they apply, favor extending the Exclusivity Periods.

The first factor—the size and complexity of the case—favors extending the Exclusivity Periods. The Debtor is an operating company with 50 employees and multiple locations. Much of its time so far has been spent: (i) addressing first day motions to continue utility services, allow it to use cash collateral, continue and/or reinstate employee benefits, and transition bank accounts and continue cash management systems; (ii) on necessary operational tasks such as reducing its workforce; (iii) negotiating terms with landlords where Debtor intends to maintain operations; (iv) transitioning from locations that are not optimal to new facilities and the negotiations needed with these existing and new landlords; and (iv) discussions with financiers for debtor-in-possession financing and/or exit financing.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

The second factor – time to negotiate a plan – favors extending the Exclusivity Periods. While the Debtor has been restructuring its operations and securing financing, its ability to develop reliable long-term financial projections carries less certainty than would be required to establish the feasibility of a plan. The Debtor is still in process of executing operational changes, which should conclude by the end of May. The Debtor is in process of discussions with various sources for working capital and debt financing, which would be the basis for a plan.

The third factor – good faith progress toward reorganization – favors extending the Exclusivity Periods. The Debtor has used its time in chapter 11 to develop and execute on a plan to stabilize operations that are expected to support long-term viability.

The fourth factor – paying its bills as they come due – favors extending the Exclusivity Periods. The Debtor has worked with its vendors and service providers to secure the continued provision of goods and services. In some instances, the Debtor has made agreements with landlords for reduced rent with shortfalls to be addressed as administrative claims.

The fifth factor – demonstrated prospects for filing a viable plan – favors extending the Exclusivity Periods. The fact that the Debtor has been able to stabilize operations and continues to grow revenue holds promise that a confirmable plan is soon achievable.

The sixth factor—whether the Debtor has made progress in negotiations with its creditors—also favors extending the Exclusivity Periods. The Debtor filed this Bankruptcy Case primarily because it needed breathing room to resolve a dispute with Pathward which was impeding the Debtor's ability to operate and threatened to collapse the company entirely. The Debtor and Pathward have come to a point of agreement such that the Debtor can operate with relative comfort and with Pathward's cooperation. The Debtor has also had to negotiate with certain landlords on terms for post-petition rent and terms for curing monetary defaults.

The seventh factor—the amount of time which has elapsed in the case—favors extending the Exclusivity Periods. The Bankruptcy Case was filed just shy of four months ago, and this is the first extension the Debtor has requested.

The eighth factor—whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands—favors extending the Exclusivity

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Periods. Far from gamesmanship, the Debtor is seeking extension to allow it more time to progress toward preparing and negotiating a plan of reorganization which would be favorable to the Debtor, the Estate and its creditors.

The Debtor's attention and resources have thus far been focused on operational improvements and the issues that needed to be resolved before it could look forward to a plan of reorganization. Good progress has been made. The Debtor submits that there is sufficient cause to grant this Motion and extend the Exclusivity Periods for 120 days.

## V.    CONCLUSION

For the foregoing reasons, the Debtor respectfully requests the Court enter an Order:

1.     Granting the Motion in its entirety;

2.     Extending the Exclusive Filing Period from April 28, 2026 to August 26, 2026;

3.     Extending the Exclusive Solicitation Period from June 27, 2026 to November 24, 2026;

4.     That entry of this Order is without prejudice to the Debtor's right to seek additional and further extensions of the Exclusivity Periods; and

5.     Granting such other and further relief as the Court deems just and appropriate under the facts and circumstances of this case.

Dated:  April 28, 2026                    **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**


By _/s/ Derrick Talerico_
    Derrick Talerico
    General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    C.D.S. MOVING EQUIPMENT, INC.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

### **DECLARATION OF DERRICK TALERICO**

I, Derrick Talerico, hereby declare as follows:

1.    I am an attorney duly admitted to practice law in the state of California and am admitted *inter alia* to the United States District Court for the Central District of California, and therefore to practice in the United States Bankruptcy Court for the Central District of California. I have personal knowledge of the facts stated herein and knowledge based on business records of my law practice and of my law firm, Weintraub Zolkin Talerico & Selth LLP (the "***Firm***").

2.    I submit this Declaration in support of the *Motion for Entry of an Order Extending the Exclusivity Periods for Debtor to File a Plan of Reorganization and Related Deadlines* (the "***Motion***") filed by C.D.S. Moving Equipment, Inc. (the "***Debtor***" or "***CDS***"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "***Bankruptcy Case***").[1]

3.    The Debtor's CEO, Dennis Barwick, commenced this Bankruptcy Case by filing an emergency petition for relief under Chapter 11 of the Bankruptcy Code on December 29, 2025 (the "***Petition Date***").

4.    The Debtor continues to carry out its business operations and manage its financial affairs as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108. No chapter 11 trustee, examiner, or committee has been appointed in the Bankruptcy Case.

5.    The Debtor is an operating company with 50 employees and multiple locations. Much of its time in bankruptcy so far has been spent: (i) addressing first day motions to continue utility services, allow it to use cash collateral, continue and/or reinstate employee benefits, and transition bank accounts and continue cash management systems; (ii) on necessary operational tasks such as reducing its workforce; (iii) negotiating terms with landlords where Debtor intends to maintain operations; (iv) transitioning from locations that are not optimal to new facilities and the negotiations needed with these existing and new landlords; and (iv) discussions with financiers for debtor-in-possession financing and/or exit financing.

WEINTRAUB **ZOLKIN TALERICO & SELTH LLP**
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

---

[1] Terms not defined herein shall have the same meanings as ascribed to them in the Motion.

6.      The Debtor is still in process of executing operational changes, which should conclude by the end of May. The Debtor is in process of discussions with various sources for working capital and debt financing, which would be the basis for a plan.

7.      The Debtor has worked with its vendors and service providers to secure the continued provision of goods and services. In some instances, the Debtor has made agreements with landlords for reduced rent with shortfalls to be addressed as administrative claims.

8.      The Debtor filed this Bankruptcy Case primarily because it needed breathing room to resolve a dispute with Pathward which was impeding the Debtor's ability to operate and threatened to collapse the company entirely. The Debtor and Pathward have come to a point of agreement such that the Debtor can operate with relative comfort and with Pathward's cooperation.

9.      The Debtor has also had to negotiate with certain landlords on terms for post-petition rent and terms for curing monetary defaults.

10.     The Bankruptcy Case was filed just shy of four months ago, and this is the first extension the Debtor has requested.

11.     The Debtor is seeking extension to allow it more time to progress toward preparing and negotiating a plan of reorganization which would be favorable to the Debtor, the Estate and its creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of April, 2026, at Bologna, Italy.

 _/s/ Derrick Talerico_
Derrick Talerico

-12-
MOTION TO EXTEND PLAN EXCLUSIVITY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS FOR DEBTOR TO FILE A PLAN OF REORGANIZATION AND RELATED DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DERRICK TALERICO IN SUPPORT.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 28, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF service list

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  April 28, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DeLage Landen Financial Services
PO Box 41602
Philadelphia, PA 19101-1602
(Secured Creditor)

Wells Fargo Bank NA
800 Walnut St F0005-044
Des Moines, IA 50309
(Secured Creditor)

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  April 21, 2026  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to the Judicial Practice Guide of the Honorable Julia W. Brand, chambers copies are waived unless requested.

Pursuant to Order Limiting Notice [Dkt. 105] – e-mail service on the attached e-mail service list

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 28, 2026 | Martha E. Araki | */s/ Martha E. Araki* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**

**In re C.D.S. Moving Equipment, Inc.**                                    **Case No. 2:25-bk-21646-WB**

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>Attorneys for Debtor C.D.S. Moving Equipment, Inc.</u>: **Derrick Talerico, Paige T. Rolfe**:  dtalerico@wztslaw.com; prolfe@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Attorneys for Creditor American Express National Bank, c/o Zwicker & Associates, P.C.</u>: **Jonathan Arias**: bknotices@zwickerpc.com
- <u>Attorneys for Creditor COMREF SO. CA. INDUSTRIAL SUB G, LLC</u>: **Ronald K Brown**:  ron@rkbrownlaw.com
- <u>Courtesy NEF/Interested Party</u>: **Luis Chaves:** luis@ksgklaw.com; fileserve@ksgklaw.com
- <u>Courtesy NEF/Interested Party</u>: **Shawn M Christianson**: cmcintire@buchalter.com; schristianson@buchalter.com
- <u>Attorneys for Creditor Pathward, National Association</u>: **Kimberly Ross Clayson, Anthony M Cimini, Jr.**: kclayson@taftlaw.com; acimini@taftlaw.com; ttorni@taflaw.com; DET_Docket_Assist@taftlaw.com; kkelsey-Dennis@taftlaw.com
- <u>Attorneys for Creditor Cummins & White, LLP</u>: **Garrett M Fahy**:  gfahy@grsm.com; rgbrown@grsm.com
- <u>Attorneys for Creditor Blower-Dempsay Corporation</u>: **Nicolino Iezza**:  niezza@spiwakandiezza.com
- <u>Attorneys for Creditors BRE Delta Industrial Sacramento LP, Icon IPC Property Owner Pool 6 West/Southwest, LLC, and Icon Pac Nevada Owner Pool 3 Nevada, LLC</u>: **Kevin P Montee**: kmontee@monteeassociates.com
- <u>Attorneys for Creditor Hayward M Industrial, LLC</u>: **Matthew D Pham**:  mpham@allenmatkins.com; mdiaz@allenmatkins.com
- <u>Attorneys for Creditor Pathward, National Association</u>: **Thomas E Shuck**:  tshuck@pmcos.com; efilings@pmcos.com
- <u>Attorneys for Creditor Navistar Financial Corporation</u>: **Rachel M Sposato**:  rsposato@ch-law.com; kneely@ch-law.com
- <u>Attorneys for Creditor JP Morgan Chase Bank, N.A.</u>: **Rebecca M Wicks**:  rwicks@buchalter.com; lverstegen@buchalter.com; docket@buchalter.com
- <u>US Trustee's Office</u>:  ustpregion16.la.ecf@usdoj.gov; **Hatty K Yip**:  hatty.yip@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

C.D.S. MOVING EQUIPMENT, INC.                    E-MAIL SERVICE LIST                    Case No. 2:25-bk-21646-WB

| Creditor | Email | Type |
|---|---|---|
| American Express | Anthony.L.Sanchez@aexp.com | 20 L |
| American Express National Bank c/o Zwicker & Associates, PC | bkproofofclaim@zwickerpc.com | 20L-POC |
| Blower Dempsay | cfriesen@blowerdempsay.com | 20L-POC |
| Colson Group | Jennifer.Neal-Mason@colsongroup.com | 20 L |
| Comref SO CA Industrial Sub | Christopher.Gutierrez@cbre.com | 20 L |
| Coyote Logistics | delain.johnson@rxo.com | 20 L |
| Dext Capital | ilona.osherov@dextcapital.com | 20 L |
| General Works Products | tiffany.thrasher@lifting.com | 20 L |
| Hayward Industrial | dena.hodges@cbre.com | 20 L |
| ICON IPC Property Owner | mschlepp@s-d.com | 20 L |
| Icon IPC Property Owner Pool 6 West/Southwest, LLC | lspencer@linklogistics.com | 20L-POC |
| Magis | tulika@lltpamerica.com | 20 L |
| McKinley Packaging | sandra.trinidad@mckinleypkg.com | 20 L |
| Oracle America | ron.j.johnson@oracle.com | 20 L |
| Oracle America | schristianson@buchalter.com | 20L-POC |
| Packaging Corp of America | ChristineRamos@packagingcorp.com | 20 L |
| Packaging Corp of America | vincecarrera@packagingcorp.com | 20L-POC |
| PolyAir | pchicago@itape.com | 20 L |
| Prime Converting | letty@primecc.com. | 20 L |
| Primetac / Adherex Group | lchlanda@adherexgroup.com | 20 L |
| Quingdao Wing | allieswang532@163.com | 20 L |
| CAB assignee of Qingdao Wing Cheong Tai | wthomas@cabcollects.com | 20L-POC |
| Tripaq | AR@new-indy.com | 20 L |
| Vibac Canada | sylvie.gatineau@vibac.com | 20 L |
| American Express National Bank c/o Zwicker & Associates, PC Attn Jonathan Arias | bknotices@zwickerpc.com | NEF-2002 |
| Blower-Dempsay Corporation Attn Nicolino Iezza | niezza@spiwakandiezza.com | NEF |
| BRE Delta Industrial Sacramento LP; Icon IPC Property Owner Pool 6 West/Southwest, LLC; Icon Pac Nevada Owner Pool 3 Nevada, LLC Attn Kevin P Montee | kmontee@monteefirm.com rantoine@linklogistics.com | NEF-2002 |
| Comref So. CA. Inductrial Sub G., LLC          Attn: Ronald K. Brown, JR., ARC - | ron@rkbrownlaw.com | NEF |
| Cummins & White LLP Attn Garrett M Fahy | gfahy@cwlawyers.com | NEF-2002 |
| Hayward M Industrial LLC Attn Matthew D Pham | mpham@allenmatkins.com | NEF |
| Interested Party/Courtesy NEF Attn Luis Chaves | luis@ksgklaw.com | NEF |
| Interested Party/Courtesy NEF Attn Sean M Christianson | schristianson@buchalter.com | NEF |
| JPMorgan Chase Bank N.A. Attn Rebecca Wicks | rwicks@buchalter.com | NEF |

C.D.S. MOVING EQUIPMENT, INC.                    E-MAIL SERVICE LIST                    Case No. 2:25-bk-21646-WB

| Creditor | Email | Type |
|---|---|---|
| Navistar Financial Corporation<br>Attn Rachel M Sposato | rsposato@ch-law.com | NEF |
| Pathward National Association<br>Attn Kimberly Ross Clayson<br>Attn Anthony M Cimini Jr | kclayson@taftlaw.com<br>acimini@taftlaw.com | NEF-2002 |
| Pathward National Association<br>Attn Thomas E Shuck | tshuck@pmcos.com | NEF |
| US Trustee's Office<br>Attn Hatty K Yip | hatty.yip@usdoj.gov | NEF |
| Pathward National Association<br>Attn Thomas Coughlin | tcoughlin@taftlaw.com | Secured |
| JPMorgan Chase Bank N.A. | rmiller@buchalter.com; kevin.gillen@chase.com | Secured-POC |
| Kubota Credit Corporation USA | pocquestions@nbsdefaultservices.com | Secured-POC |
| Navistar Financial Corporation | snoel@ch-law.com; thomas.schmitt@navistar.com | Secured-POC |